WILLIAM BELLOWS, Respondent, v. PARMENAS ELMENDORF, Appellant.

(GENERAL TERM, THIRD DEPARTMENT, SEPTEMBER, 1872.)

Where one offers for sale, or has in his possession, the green skin or fresh carcass of a deer, killed in violation of chap. 898, L. 1867, he is liable for the penalty, although his title and possession were acquired by purchase at sheriff's sale on execution against the property of the killer.

THIS was an appeal from a judgment for the plaintiff, entered upon the decision of the court without a jury.

The action was brought to recover a penalty for violation of the act for the preservation of moose, wild deer, etc. (L. 1867, p. 2240, vol. 2), by which it is provided, among other things, as follows:

"Section 1. No person shall kill, or pursue with intent to kill, any moose or wild deer, save only during the months of October, November and December, or *shall expose for sale, or have in his or her possession, any green moose or deer skin or fresh venison,* save only in the months aforesaid; and for ten days in the month of January, unless received for sale prior to the 11th of January."

A jury trial was waived, and the court, having heard the evidence upon the issues joined, found and reported the following facts and conclusions of law, viz.:

"A wild deer was killed by Andrew J. Knapp on the 8th day of January, 1868, in the county of Ulster, and the skin and carcass brought by said Knapp into the town of Middletown, county of Delaware, on the 14th of January, 1868.

Bellows *v.* Elmendorf.

At this time the defendant had a judgment of $24.41 against said Knapp, and on said 14th day of January caused an execution to be issued upon said judgment, by virtue of which a constable duly levied upon and sold said skin and carcass at public sale, on the 21st day of January, 1868, to the defendant. The defendant on the same day sold said skin and carcass to one W. W. Clarke, at said town of Middletown, and during the day aforesaid, to wit, January 21, 1868, the said defendant had in his possession, at Middletown aforesaid, a green deer skin and fresh venison, products of a wild deer, so purchased by said defendant after the 11th day of January, 1868. As conclusions of law upon the foregoing facts, I do hold and decide that by reason of the facts aforesaid, the defendant became and was indebted to the plaintiff in the sum of fifty dollars, as and for a penalty occurring under and by virtue of chapter 898 of the Laws of New York, passed May 13, 1867. Judgment is therefore ordered for said sum of fifty dollars, together with the costs and disbursements of this action, in favor of plaintiff and against defendant. Dated December 1st, 1870."

Judgment was entered on the decision for the plaintiff, and the defendant appealed.

*A. R. Henderson,* for the appellant.

*Wm. Gleason,* for the respondent.

Present—MILLER, P. J., POTTER and PARKER, JJ.

MILLER, P. J. The defendant purchased the carcass and skin of a deer, which had been killed in violation of the statute, at a constable's sale, under a judgment in his favor against the party who had killed the same, and after the purchase, on the same day, sold the carcass and skin to another person.

The statute under which this action is brought provides that "no person shall kill, or pursue with intent to kill, any

moose or wild deer, save only during" certain months which are named, "or shall expose for sale or have in his or her possession any green moose or deer skin or fresh venison," &c., within certain periods which are also named, "unless it shall have been received for sale prior to the eleventh day of January." (Laws of 1867, p. 2240, § 1.) A penalty is provided of fifty dollars for a violation of this and other provisions. (See § 5 of same act, p. 2241.)

The defendant was within the provisions of the law cited, in having the deer skin and venison in his possession and in exposing the same for sale. The fact that the defendant obtained the property by virtue of a sale under an execution does not, I think, exonerate him from liability for the penalty. Although the defendant was authorized to levy and sell the property of the judgment debtor, yet, in assuming to sell and take title to property which subjected him to a penalty, he took the risk of being subjected to the consequences of subsequently having the same in his possession and of exposing the same for sale. While the judgment debtor held possession of the property it was subject to the penalty, and any one who acquired it of him took it liable to the same consequences. There is no inconsistency between the statute authorizing a sale of goods and the one imposing the penalty, and the enforcement of the latter in this case does not necessarily require a repeal of the power by implication or otherwise. The sale could only pass such title as the debtor had, and the purchaser acquired only this, and no more. When he purchased and sold, he stood in the place of the original holder. Conceding that there was a right to buy and sell the property, it would confer no right to purchase, keep in possession or expose for sale in violation of the statute.

In support of the construction that the statute was intended to embrace all cases where the animal killed was found in the possession of a person, section 21 of the act provides, that any person proving that the animals found in his or her possession prior to the periods prohibited, or that they were killed outside of the State, and that the law of such place did

not prohibit such killing, shall be exempted from the penalties of the act. And section twenty-two makes common carriers and express companies liable, unless they show themselves to be within the same prohibition.

These provisions, as well as the plain import of the act, tend to show that the legislature intended to prevent any evasion, and to make all persons liable who had possession of or exposed such property for sale.

The judge was clearly right on the trial, and the judgment must be affirmed with costs.