## ROYAL PHELPS *against* J. H. RACEY.[*]

By a statute of the State, persons were allowed to sell, or have in their posses-
sion, game of a certain description in January and February in each year, pro-
vided it was killed in the proper season, or in some State where the killing
was lawful. The defendant, a dealer in game, had a patented apparatus by
which he was enabled to preserve game for a year. Having put up in this ap-
paratus a large quantity of game of this description, killed in this State and in
other States when the killing was lawful, he exposed it for sale after the months
of January and February: *Held,* that by so doing he violated a provision of
the statute, which forbids any person to sell, expose for sale, or have in his pos-
session game of that description between the months of March and October in
any year.

The act for the preservation of game (L. 1871, c. 721), is not unconstitutional,
as depriving persons of vested rights, so far as it relates to game killed after
its passage.

APPEAL by both plaintiff and defendant from an order
of this court at special term, sustaining a demurrer as to part
of the answer, and overruling it as to the remainder.

The action was brought to recover from the defendant a
penalty of $2,700, which it was claimed he had incurred by a
violation of §§ 7 and 8 of the act for the preservation of
game, passed April 26th, 1871 (2 L. 1871, c. 721, p. 1669).

The sections under which the penalty was claimed are as
follows :

" § 7. No person shall kill, or expose for sale, or have in his
or her possession after the same has been killed, any quail be-
tween the 1st day of January and the 20th day of October,
under a penalty of twenty-five dollars for each bird."

" § 8. No person shall kill or expose for sale, or have in his
or her possession after the same is killed, any ruffed grouse,
commonly called partridge, or pinnated grouse, commonly called
prairie chicken, between the 1st day of January and the 1st
day of September, under a penalty of twenty-five dollars for
each bird."

It is also provided by § 33 of the same act, that

" Any person may sell, or have in his or her possession,

[*] On appeal to the Court of Appeals, the judgment of the general term here
was affirmed, with leave to the defendant to answer over on payment of costs.

any pinnated grouse, commonly called prairie chicken, ruffed grouse, commonly called partridge, or quail, from the 1st day of January to the 1st day of March, and shall not be liable to any penalty under this act, provided he proves that such birds or game were killed within the period provided by this act, or were killed outside the limits of this State, at some place where the law did not prohibit such killing."

The complaint alleged that plaintiff was "president of the New York Association for the Protection of Game, and the defendant a marketman doing business at Nos. 13, 15 and 17 Centre Market, in the city, county and State of New York, and

"I. That at said place, on the 15th day of March, 1873, the defendant had in his possession and exposed for sale six quail.

"II. That at said place, on the 19th day of March, 1873, the defendant likewise had in his possession, and exposed for sale two pinnated grouse.

"III. That at said place, on the 19th day of March, 1873, the defendant had in his possession one hundred quail.

"IV. That said acts were contrary to the provisions of the 7th and 8th sections of the act for the preservation of game, passed April 26th, 1871."

The defendant, by his answer, admitted the truth of the allegations contained in the first three paragraphs of the complaint, and by way of excuse therefor, alleged in an amended answer that he was, and had been at the time of the complaint, an extensive dealer in game, for the preservation of which he had patented an apparatus by which he was enabled to preserve game killed in one season to the following, even for a period of *twelve months*. That the game which the complaint charged him with having in his possession and exposed for sale was put up by him in said apparatus when the killing of it was not prohibited by law in this State, to wit, in the month of December, 1872, or after receiving it from States where its killing was at the time legal, to wit, from the States of Minnesota and Illinois.

The plaintiff demurred to this answer for insufficiency in not stating facts sufficient to constitute a defense.

The court at special term sustained the demurrer, and or-

dered judgment for the plaintiff on the first and second counts in the complaint, and overruled it as to the third count.

*Thomas N. Cuthbert* and *Chas. E. Whitehead*, for plaintiff.

*John Proffatt*, for defendant.

DALY, Chief Justice.—The judge below sustained the demurrer, so far as it applied to the answer put in to the first and second causes of action averred in the complaint; from which decision the defendant has appealed, and overruled the demurrer to the answer so far as it related to the third cause of action in the complaint, from which decision the plaintiff appeals.

I shall first consider the defendant's appeal. The act (2 Laws of 1871, p. 1669, c. 721, § 7) declares that no person shall kill, *expose for sale*, or have in *his* or *her possession*, any quail between the 1st day of January and 20th day of October; or (§ 8) any grouse, commonly called *partridge*, or pinnated grouse, commonly called *prairie chicken*, between the 1st day of January and the 1st day of September. The answer admits that the defendant had in his possession and exposed for sale, on the 15th of March, six quail, and that he had in his possession and exposed for sale, on the 19th of March, two pinnated grouse; which was admitting the cause of action stated in the first two counts; the plain import of the act being, as was held in *Bellows* v. *Elmendorf* (7 Lans. 462), to prevent any evasion, and make all persons liable who had possession of, or exposed such property for sale. It makes no distinction between game killed within or without the limits of this State, except in the case provided for in section 33 (*Phelps* v. *Town and others*, Van Brunt, J., Supreme Court, special term, February, 1873). So far, therefore, as respects this appeal, the judgment below should be affirmed. The assumed unconstitutionality of the law I shall consider under the next head.

In answer to the third cause of action, the defendant admits that he had *in his possession*, on the 19th of March, one hundred quail, and in justification thereof, avers, that he is an extensive dealer in game; that he has patented an apparatus by which he is enabled to preserve game after it has been killed

for the period of a year; that the one hundred quail admitted to have been in his possession on the 19th of March were put up by him in the said apparatus in the month of December, 1872, when the killing of it was not prohibited by law in this State, or after receiving it from States where the killing of it was at the time legal. By the 33d section of the act it is lawful to sell or have in one's possession, quail from the 1st of January to the 1st of March, provided the party proves that it was killed within the period allowed by the act, or killed outside the limits of the State at some place where the law did not prohibit such killing. This right, however, is limited to the first of March, and the defendant admits that he had these one hundred quail in his possession afterwards, that is on the 19th of March. The justification he sets up is that he had them then in his patented apparatus, in which they were placed at a time when the killing of them was lawful. But the statute has made no provision for such a case. It has allowed game, killed before the 1st of January, or in States where the killing of it was at the time lawful, to be sold or kept in possession between the 1st of January and the 1st of March, and that is all. Beyond that, the prohibition is positive, that no person shall have any of the game specified, in his or her possession, and I am wholly at a loss to see upon what ground it can be said that the possession which existed in this case was not the kind of possession which the statute meant. It may be that when the law was enacted, that no such thing was contemplated as that game, killed in the autumn of one year, could be preserved, as in this case, so as to be sold a year afterwards within the permitted period. But we cannot say so as a matter of law, for for all that we know, or for all that appears in this answer, this apparatus may have been known and in use when this law was enacted. In *Bellows* v. *Elmendorf* (*supra*), the skin and carcass of the deer was bought at a sheriff's sale, and sold by the purchaser to the defendant, whose possession was held to be a possession in violation of the act. In that case the animal was killed within the forbidden period, which commenced on the 1st of January. It was killed on the 8th of January, and purchased on the 21st of that month, and for all that appeared,

the defendant may not have known when it was killed. The law allowed persons to have such game in possession, or to expose it for sale for ten days after the 1st of January, or to possess or sell it, if received for sale prior to the 11th of January. The carcass and skin were levied upon on the 14th, and sold by the sheriff, and purchased by the defendant on the 21st of January, and this was held to be a possession on the part of the defendant in violation of the act. The difference between that case and this is that there the game was killed within the prohibited period, and here it is averred that it was not; in connection with which it is sufficient to say that the act under which the present action is brought has made provision for the sale and keeping possession of this particular kind of game after the period when it is allowed to be killed, and that that time had expired when the defendant, as he admits, had the one hundred quail in his possession. The words of the statute are express that no person shall have game of this description in his possession within the prescribed period; a prohibition that may have been, and probably was, designed to take away any inducement to kill these game birds within the prescribed period, as nobody can, after that period commences, lawfully have or keep them in his possession.

The objection raised, that this act is unconstitutional is untenable. It violates no regulation made by Congress in respect to commerce, and deprives no one of property. The act held in *Wynhamer* v. *The People* (13 N. Y. 378) to be unconstitutional, was very different. It authorized the destruction of the property of persons owned by them when the law took effect. Here the quails were acquired, by the defendant's own showing, after the law was in force, and with knowledge of the existence of it, which is a very different case (*Slaughter House Cases*, 16 Wall. 36).

The judgment as to the answer to the two first counts should, in my opinion, be affirmed, and as to the third count, it should be reversed and judgment given for the plaintiff upon that count.

LARREMORE and J. F. DALY, JJ., concurred.

Ordered accordingly.