THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* NATHANIEL WATERBURY, Respondent.

*Penalty for a violation of the act prohibiting the sale of oleomargarine — the right to bring an action to recover it does not depend upon a conviction having been first had in a criminal action — 1885, chap. 183, sec. 7, as amended by chapter 458 of 1885.*

Upon the trial of this action, brought to recover a penalty of $500 for a violation of section 7 of chapter 183 of 1885, as amended by chapter 458 of the same year (forbidding the sale of oleomargarine), the complaint was dismissed upon the admission of the plaintiff that the defendant had not been tried or convicted in a criminal action for the violation of the statute mentioned in the complaint, the court holding that it was required to dismiss the complaint by the language used in sections 7 and 19 of the said act.

*Held*, that it erred in so doing.

That the law had provided for the prosecution and punishment of the offender by indictment, and, in addition to that liability, it had declared that he should forfeit and pay a fixed penalty of $500; these punishments being entirely separate and distinct.

That the two proceedings, if not concurrent, are entirely independent, and one may be prosecuted without resorting to the other.

APPEAL from a judgment dismissing the plaintiff's complaint at the circuit.

*Edward B. Thomas,* for the appellant.

*William G. Choate,* for the respondent.

DANIELS, J. :

The action was brought to recover the penalty of $500, given by section 19 of chapter 183 of the Laws of 1885, for violating section 7 of that act, as it was afterwards amended by chapter 458 of the Laws of the same year. In the opening of the case by the plaintiff's counsel a state of facts was proposed to be proved which would establish a violation of section 7 of chapter 458 of the Laws of 1885, by the defendant.

This violation was stated to consist in the fact that the defendant had in his possession a number of pounds of an article, substance, product, manufacture and compound which was not butter, the product of the dairy, and was not butter made from unadulterated milk or cream, but was a manufactured oleaginous substance, not produced from pure unadulterated milk or cream, or from milk or cream; that the same had been made, rendered and manufactured out of some animal fats or animal or vegetable oils not produced from unadulterated milk or cream from the same, in imitation and semblance of natural butter produced from pure unadulterated milk or cream of the same, and by mixing, compounding with and adding to a small quantity and proportion of milk, cream or butter some animal fats, or animal or vegetable oils not produced from milk or cream, with design and intent to render, make and produce an article, substance and human food in imitation and semblance of natural butter; and that such article had been and was colored with some coloring matter whereby such article, substance, product, manufacture and compound was made to resemble butter, the product of the dairy, and was so colored thereby in semblance of and to resemble butter.

We shall prove that the same was an imitation and had the semblance of and resembled natural butter, the product of the dairy, and natural butter produced from pure unadulterated milk or cream of the same, and was not in process of manufacture on April, 30,

1885, the date of the passage of chapter 183 of the Laws of 1885, nor on June 9, 1885, the date of the passage of chapter 458 of the Laws of 1885, which amends such chapter 183, and had not been manufactured on June 9, 1885.

And it was further said that we shall also prove that the defendant, at the time of having the same in his possession, well knew that it had been and was so manufactured, rendered and colored, and all the facts I have before stated; and that the defendant, on said 22d day of July, 1885, at such store and building in said city, county and State, in violation of such statutes, kept the said quantity of said article, substance, product, manufacture and compound for sale, and offered it and a number of pounds thereof for sale to one Thomas C. Du Bois, of this city, and to other persons, and sold fifty-seven pounds thereof to Mr. Du Bois, and a number of pounds to other persons. We shall also prove that the said article, substance, product, manufacture and compound was so had by this defendant in his possession, kept for sale, offered for sale and sold as I have before stated.

When this proposed proof was in this manner offered to be made upon the trial, the objection was taken on behalf of the defendant that the action could not be maintained, because he had not first been convicted in a criminal action before this suit had been instituted. It was thereupon conceded, on behalf of the plaintiff, that the defendant had not been tried or convicted in a criminal action for the violation of the statute mentioned in the complaint, and the court, upon that concession, dismissed the complaint, to which the plaintiff's counsel excepted. This dismissal was considered to be justified by the construction held to be proper for sections 7 and 19 of chapter 183 of the Laws of 1885. By the earlier of these sections it has been provided that " whoever violates the provisions of this section shall be guilty of a misdemeanor, and be punished by a fine of not less than two hundred dollars nor more than five hundred dollars, or not less than six months' or more than one year's imprisonment for the first offense, and by imprisonment for one year for each subsequent offense." It was further provided by section 19 that " if any person shall, by himself or another, violate any of the provisions of sections one, two, three, four or five of this act, or knowingly suffer a violation thereof by his agent, or in any build-

ing or room occupied by him, he shall, in addition to the fines and punishments therein prescribed, for each offense forfeit and pay a fixed penalty of one hundred dollars. If any person, by himself or another, shall violate any of the provisions of sections six, seven or eight of this act, he shall, in addition to the fines and penalties herein prescribed for each offense, forfeit and pay a fixed penalty of five hundred dollars. Such penalties shall be recovered, with costs, in any court in this State having jurisdiction thereof, in an action to be prosecuted by the dairy commissioner or any of his assistants, in the name of the people of the State of New York."

But neither this nor the preceding section contains anything rendering an action for the penalty prescribed dependent upon the fact that the defendant shall have been indicted, convicted and punished for a misdemeanor before the action for its recovery can legally be commenced. The law contains no evidence of the existence of any such intention, but it has provided for the prosecution and punishment of the offender by indictment, and in addition to that liability, it has been declared that he shall forfeit and pay a fixed penalty of $500. These punishments are entirely separate and distinct. The appropriate proceedings to carry the provisions relating to them into effect are entirely independent of each other. One is to be by indictment, the other by an action for the sum of money in the name of the people, and the prosecution of neither is made in any respect dependent or conditional upon its being preceded by the other. And there is nothing contained in the act which would justify the imposition of such a restriction upon the remedies provided for its violation. But, on the contrary, the prosecutor is left at liberty to bring the one or the other, as may be most consistent with the circumstances expected to be proved. This has been the course of proceeding, which, without question as to its legal propriety, has been followed in the enforcement of the provisions of other acts of the legislature framed in a similar manner. Such actions have been brought and prosecuted without a doubt being intimated as to the regularity of either, and without a suggestion that one should have been preceded by the other. (*People* v. *Stevens*, 13 Wend., 341; *Bellows* v. *Elmendorf*, 7 Lans., 462; *Amerman* v. *Kall*, 34 Hun, 126; *Behan* v. *People*, 17 N. Y., 516.) The proceedings, under such statute, if

not concurrent, are entirely independent, and one may be prosecuted without resorting to the other

In further support of the ruling at the trial, it has been maintained by the counsel that the acts providing for this liability are themselves violative of the Constitution of the State, and *People v. Marx* (99 N. Y., 377) is referred to as an authority supporting this view. But that it does not sustain the argument is now established by the unreported decision made in *People* v *Arensbergh*, * more recently made by the Court of Appeals. This constitutional argument has been very fully discussed and answered by the opinions in that case, which establish the constitutionality of this legislation. The object of it has been to punish the fraudulent simulation of the article manufactured out of animal fat, or animal or vegetable oils, for butter, manufactured from unadulterated milk or cream, and for adding to it such coloring matter as will enable dealers in it to deceive the public by selling it for a genuine, when in fact it is a spurious article. The offer of proof made by the plaintiff was ample to bring this case within the restraint created by the statute. And as the prosecution and punishment of the defendant by indictment has not been required to precede an action for the recovery of the penalty, the suit should not have been dismissed, as it was on the opening of the counsel, and the judgment should be reversed and a new trial ordered.

VAN BRUNT, P. J., and BRADY, J., concurred.

Judgment reversed, new trial ordered.