(20 Misc. Rep. 120.)

PEOPLE v. ALLEN.

(Supreme Court, Appellate Term.   April 26, 1897.)

FISH—CLAMS—POSSESSION OF PROHIBITED SIZES.
    Laws 1895, c. 974, is entitled "An act for the protection and propagation of birds, fish and wild animals in the state of New York."   Section 191, the caption of which is "dredging and raking for oysters and clams regulated." declares, under penalty, that no clams less than one inch in thickness "shall be caught or possessed, but, if caught, shall be returned to the water from which they were taken."   Held, that the persons contemplated by such section are only the catchers of clams, and not restaurant keepers.

Appeal from Second district court.

Action by the people of the state of New York against Flavius J. Allen to recover a penalty.   There was a judgment in favor of defendant, and plaintiff appeals.   Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Sammis & Bierck (E. G. Sammis, of counsel), for the People.
Oliver S. Ackley (Wm. North, of counsel), for respondent.

McADAM, J. The action was to recover a penalty of $100 for violation of section 191 of chapter 974 of the Laws of 1895, entitled "An act for the protection, preservation and propagation of birds, fish and wild animals in the state of New York and the different counties thereof." The said section reads as follows:

"Dredging and raking for oysters and clams regulated.—No dredge operated by steam power, or weighing over fifty pounds, shall be used on beds of natural growth in dredging for shellfish. No rake, tongs, dredge or other device shall be used for taking hard or round clams with spaces or openings between the teeth or prongs of less than one inch, and no hard or round clams less than one inch in thickness shall be caught or possessed, but, if caught, shall be returned to the water from which they were taken without unnecessary injury. * * * Whoever shall violate or attempt to violate the provisions of this section shall be guilty of misdemeanor and in addition thereto shall be liable to a penalty of one hundred dollars for each violation thereof."

It appears that on September 10, 1896, two game protectors went to the Astor House in this city, where the defendant kept a restaurant, and ordered two plates of clams, and, while being served, one of the officers put his hand over, and took four clams from the tub behind the oyster bar. The clams so taken proved to be less than one inch in thickness, and complaint was made that the defendant had said clams in his possession contrary to the provisions of section 191 of the act, whereby he incurred the penalty sued for. No clams of the prohibited size were supplied to the inspectors, nor does it appear that any were either sold or offered for sale by the defendant. It was proved that the clams were taken from the waters around Norwalk Harbor, Conn., and shipped in barrels by Reed & Housman, who did business at that place, directed to the defendant at the Astor House, this city. The question presented is whether such possession by the defendant violates the act of 1895, supra, so as to subject him to the penalty. The act, as its title indicates, is, among other things, for the preservation and propagation of shellfish within the waters of this state. It does not and cannot in any manner affect the catching of shellfish in the waters of other states, for the laws of this state have no force, proprio vigore, beyond its territorial limits. Cooley, Const. Lim. (3d Ed.) 127; Story, Confl. Laws (7th Ed.) § 20. Although the clams were taken from the waters of Connecticut, it has been decided that the legislature of this state has authority to regulate the question of possession of such property within its territorial limits, and to impose penalties for any infraction of its regulations upon the subject. Phelps v. Racey, 5 Daly, 235, affirmed 60 N. Y. 10; Bellows v. Elmendorf, 7 Lans. 462. And see Magner v. People, 97 Ill. 320; Association v. Durham, 51 N. Y. Super. Ct. 306; State v. Randolph, 1 Mo. App. 15; State v. Judy, 7 Mo. App. 524; Ex parte Maier, 103 Cal. 476; Whitehead v. Smithers, 2 C. P. Div. 553. In view of these decisions, we refrain from a discussion of the question of interstate commerce decided in Bowman v. Railroad Co., 125 U. S. 465, 8 Sup. Ct. 689, 1062; Leisy v. Hardin, 135 U. S. 100, 10 Sup. Ct. 681, and Re Rahrer, 140 U. S. 545, 11 Sup. Ct. 865. A mere reference to them,

however, is sufficient to demonstrate that the act in question, relating as it does exclusively to fish, etc., in the waters of the state of New York, and the different counties thereof, will not, by mere implication, be held to embrace shellfish coming from other states, unless the intent to prohibit possession thereof by any one in this state is made manifest by the terms of the act; and no such purpose appears. See Com. v. Hall, 128 Mass. 410; Davis v. McNair, 21 Cent. Law J. 480.

In the Phelps Case, supra, the statute declared that "no person shall kill or expose for sale, or have in his or her possession after the same has been killed, any quail, between the first day of January and twentieth of October, under the penalty of twenty-five dollars." The words of the act are general, and include all classes of persons. The statutes in the other cases cited contain similar language, showing that they were applicable alike to all persons. Not so in the present instance. The act here provides that "no hard or round clams less than one inch in thickness shall be caught or possessed, but, if caught, shall be returned to the water from which they were taken without unnecessary injury." The purpose of the act was to require the catcher or the person for whom the clams were caught, and who, by the catching, became the constructive possessor, to return the clams, to the waters from which they were taken. Such language is restricted to the two classes of persons named, who, at their peril, are required to make the measurement necessary to determine whether the clams are contraband or not. That this was the legislative intent is evident from the title to section 191, which expresses its purpose in these words: "Dredging and raking for oysters and clams regulated." The catcher and possessor at whom the penal provisions of that section were aimed are those engaged in the pursuit of clams as a business or pastime, and who, in order to assist in the propagation of shellfish, are commanded to return to the waters from which they were taken all clams not fully developed. To extend the act further would carry it beyond its obvious purpose and intent, and not only hold every restaurant keeper receiving a barrel which contained even one clam under size liable to punishment as for a misdemeanor, and to a penalty of $100, but would make every customer of his to whom such a clam might be delivered, accidentally or otherwise, similarly liable. The restaurant keeper or customer would hardly be expected, in order to escape punishment, to return the clam to the waters from which it was taken. And it is in no manner apparent how the return of the clams in this instance to the waters of Norwalk Harbor could tend to propagate shellfish in the waters of this state, which is the main purpose of the act in question. The law does not favor constructive offenses or arbitrary punishments, and no one should be held to have incurred a penalty unless the act which subjects him to it is clearly both within the spirit and letter of the statute. Potter, Dwar. St. 247. "If these rules are violated," said Best, C. J., in Fletcher v. Sondes, 3 Bing. 580, "the fate of accused persons is decided by the arbitrary discretion of judges, and not by the express authority of the laws." See, also, Maxw. Interp. St. pp. 237, 238. The words of a statute

are to be construed with reference to the subject-matter of the enactment, and to the object sought to be attained; and the consideration of the whole act may expand or restrain the terms of a particular clause. 23 Am. & Eng. Enc. Law, 308, 321, 322. Language, though apparently general, may be limited in its operation and effect, where it may be gathered from the object and purpose of the statute that the language was designed to apply only to certain persons or things, or was to operate only under certain conditions. Id. 321. The proper course in all cases is to adopt that sense of the words which best harmonizes with the context, and promotes in the fullest manner the policy and objects of the legislature. U. S. v. Hartwell, 6 Wall., at page 396. Where there is such an ambiguity in a penal statute as to leave reasonable doubts of its meaning, it is the duty of a court not to inflict the penalty. The Enterprise, 1 Paine, 32, Fed. Cas. No. 4,499.

The defendant committed no offense, and consequently did not incur the penalty sought to be recovered in this action. The justice properly decided in his favor, and the judgment must be affirmed, with costs. All concur.