PEOPLE *v.* COFFEY.

1. FISH—IMMATURE FISH—UNLAWFUL POSSESSION—STATUTE—CONSTRUCTION—FISH LEGALLY CAUGHT.

The proviso of section 2, Act No. 88, Pub. Acts 1899, permitting the sale of fish legally caught, does not permit the sale of immature fish unavoidably taken while legally fishing with nets of legal mesh.

2. CRIMINAL LAW—VENUE—OFFENSES ON GREAT LAKES—CONCURRENT JURISDICTION.

Notwithstanding the charter of the village of Manistique (Act No. 277, Local Acts 1885) gives the village jurisdiction over the navigable waters adjacent thereto for a distance of one mile from the shore line, the courts of Charlevoix county have concurrent jurisdiction under section 2448, 1 Comp. Laws, of the offense of having in possession immature fish in that part

of Lake Michigan within this State, in violation of section 2, Act No. 88, Pub. Acts 1899, it being admitted that the fish were in his possession at the port of Manistique and it not appearing where they were caught further than the concession that they were caught in that part of Lake Michigan within this State.

Exceptions before judgment from Charlevoix; Mayne, J. Submitted November 19, 1908. (Docket No. 180.) Decided December 14, 1908.

John Coffey was convicted of violating the fish law. Affirmed.

*C. W. Dunton*, for appellant.

*John E. Bird*, Attorney General, and *Elisha N. Clink*, Prosecuting Attorney, for the people.

BROOKE, J. The respondent was convicted by a justice of the peace of the township of South Arm in the county of Charlevoix. On appeal to the circuit court for Charlevoix county the conviction was affirmed. The action was brought under section 2, Act No. 88, Pub. Acts 1899, which reads as follows:

"It shall be unlawful to market or have in possession any sturgeon or rock sturgeon weighing less than fifteen pounds, any whitefish weighing less than two pounds, any lake trout weighing less than one and one-half pounds, any wall-eyed pike or pickerel weighing less than one pound, or any catfish weighing less than one pound, or any perch weighing less than four ounces, each in the round: *Provided*, That it shall be lawful to transport or sell any of said described kinds of fish legally caught during any season of the year."

. The specific charge against the defendant being that, on the 23d day of April, 1908, he had unlawfully in his possession, on that part of Lake Michigan lying and being within the State of Michigan, a certain quantity of whitefish, weighing less than two pounds each, in the round. The record does not disclose exactly where the fish in

question were caught, but the defendant admitted that they were caught in that part of Lake Michigan within this State, that they were in his possession on the day in question at the port of Manistique, Schoolcraft county, and that the fish were intended by the respondent to be used for his benefit; that is, sold and otherwise disposed of by him for his benefit. The record discloses the fact that, in fishing during the open season, and according to law, with gill nets of 4¼-inch mesh—that being the legal mesh—it is impossible to avoid taking some immature fish; further, that when the nets are raised nearly all of the immature fish are dead, and such as are not dead all die after being returned to the water, by reason of injuries sustained in being caught; whitefish being peculiarly susceptible to such injury.

Two questions only are raised in the record:

1. It is claimed by the respondent that a fair construction of the proviso at the end of section 2 permits the respondent to sell such immature fish as are caught in the manner described by the record, instead of destroying them, as required by the State game warden. The statute under consideration has already received a construction in this court in the case of *People* v. *Dornbos*, 127 Mich. 136, where LONG, J., speaking for the court, says:

"Counsel in his brief now asserts that this was error, and claims that one might catch fish of the prohibited weight in Indiana, and bring them into this State, without violating the statute, as, by the proviso of section 2 of the act, it is made lawful 'to transport and sell any of said described kinds of fish legally caught during any season of the year.' That proviso has sole reference to fish not prohibited by that section from being caught—that is, fish weighing more than the number of pounds specified in the act—and as to those fish, they might be transported and sold during any season of the year."

The obvious intention of the legislature was to prohibit the catching of fish under the prescribed weight, as the first portion of the section makes it unlawful to market or to have possession of any such fish. To give the construc-

tion to the proviso claimed for by the respondent would, of course, permit the respondent, not only to have such fish in his possession, but to market them as well, as respondent says he intended to do. The proviso, as clearly stated by Judge LONG, simply intended to affirmatively give fishermen the right to transport and sell said described kinds of fish at any time of the year when they were legally caught in the open season. The construction contended for by the respondent would in our opinion put too great a strain upon the honesty of the fishermen, and would tend to emasculate the prohibitive character of the legislation and thereby to destroy the legislative intent.

2. The respondent says that the courts of Charlevoix county did not have jurisdiction of the offense, and urges as his reason therefor that the village of Manistique was incorporated in 1885, under Act No. 277, Local Acts 1885, which contains a provision as follows:

"SECTION 1. That all that tract of country situated in the county of Schoolcraft, in the State of Michigan, known and described as sections twelve (12) and thirteen (13) in township forty-one (41) north, of range sixteen (16) west, be and the same is hereby constituted a village corporate, under the name of the village of Manistique, and the jurisdiction of said village shall cover the navigable waters south of and adjacent to said village for a distance of one mile from the shore line."

We think that section 2448, 1 Comp. Laws, governs the matter in question. It reads as follows:

"SEC. 10. The counties of Berrien, Van Buren, Allegan, Ottawa and Mackinaw, and such other counties as shall hereafter be organized upon the easterly shore of Lake Michigan, shall have jurisdiction, in common, of all offenses committed on that part of Lake Michigan which lies within the limits of this State; and such offenses may be heard and tried in either of said counties, in which legal process against the offender shall be first issued, in like manner, and to the same effect, as if the offense had been committed in any part of either of said counties."

This act was passed in 1841. Act No. 8, Laws 1841.

Charlevoix county was organized in 1869, and clearly comes within the description above set forth, viz., "and such other counties as shall hereafter be organized upon the eastern shore of Lake Michigan."

As before stated, the exact point at which the fish were caught is not disclosed by the record, but it is conceded that they were caught "in that part of Lake Michigan which lies within the limits of this State," and it is our opinion that the courts of Charlevoix county, under the section above quoted, had concurrent jurisdiction of the offense.

The conviction is affirmed.

GRANT, C. J., and BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.