ANDREWS *v.* ELLSWORTH.

1. VENUE—JURY TRIAL—CRIMINAL LAW—FISHING—GAME LAW.
   The jurisdiction of offenses against the game law for taking fish from the waters of Lake Huron, in violation of Act No. 213, Pub. Acts 1909, as amended by Act No. 97, Pub. Acts 1913 (2 Comp. Laws 1915, § 7673 *et seq.*), is in the counties mentioned in 1 Comp. Laws, § 2450 (1 Comp. Laws 1915,

§ 2249), and the county of Bay might lawfully try an offense committed in the waters of Lake Huron adjacent to the county of St. Clair, no exception as to any class of offenses being made from the language conferring jurisdiction.

2. SAME—VICINAGE—JURY.
   It has long been the policy of this State to create and maintain a vicinage for the trial of offenses committed on the waters of the Great Lakes different from the one ordinarily applying to criminal cases.

3. SAME—CONSTITUTIONAL LAW—JURY OF VICINAGE—STATUTES— FISH AND GAME LAW.
   Though it is a general rule that the county is the vicinage fixing the venue of a criminal prosecution, there are exceptions where justice requires, and the statute giving jurisdiction of offenses not committed in the limits of certain counties, upon the waters of one of the Great Lakes, is not unconstitutional because it creates a larger jurisdiction than the county unit.[1]

Certiorari to St. Clair; Tappan, J. Submitted January 21, 1915. (Docket No. 108.) Decided February 4, 1916.

Habeas corpus by Bert Andrews against Robert E. Ellsworth to determine the jurisdiction of a justice of the peace of Bay county to hold petitioner for violating the game and fish law. An order discharging petitioner from custody is reviewed by respondent on certiorari. Reversed.

*James A. Muir,* for petitioner.

*Grant Fellows,* Attorney General, and *L. W. Carr,* Assistant Attorney General, for respondent.

BIRD, J. Complaint was made before one of the justices of the peace in Bay county, charging petitioner with having violated the provisions of Act No.

[1]On jurisdiction over the Great Lakes see note in 46 L. R. A. 277.

213, Pub. Acts 1909, as amended by Act No. 97, Pub. Acts 1913 (2 Comp. Laws 1915, § 7673 *et seq.*), the same being an act to regulate the taking of fish in the waters of the Great Lakes. The commission of the offense was described as having taken place in the waters of Lake Huron, bordering on the county of St. Clair. A warrant based upon the complaint was issued, and the same was executed by Robert E. Ellsworth, the respondent, in the county of St. Clair, where petitioner resided. Petitioner insisted that he was illegally detained thereunder, and therefore-sued out a writ of habeas corpus from the circuit court for the county of St. Clair, and upon a hearing thereof he was released from custody, on the ground that the justice's court in Bay county had no jurisdiction of the alleged offense.

The trial court was of the opinion that section 2450, 1 Comp. Laws (1 Comp. Laws 1915, § 2249), which gives concurrent jurisdiction to certain counties, including Bay and St. Clair, of offenses committed on the waters of Lake Huron, did not apply to offenses of this character which were local in their nature, but applied to transitory *actions*, like offenses committed on boats navigating the waters. But he held that, if the section did apply to such offenses, then it was unconstitutional, because it violates the constitutional provision which guarantees to respondent the right of trial by a jury of the vicinage. Section 2450, referred to, provides that:

"The counties of Saginaw, Mackinac, St. Clair, and Chippewa, and such other counties now organized, or that may hereafter be organized, upon the shore of Lake Huron, shall have jurisdiction in common of all offenses committed on that part of Lake Huron which lies within the limits of this State; and such offenses may be heard and tried in either of said counties in which legal process against the offender shall be first

issued, in like manner, and to the same effect, as if the offense had been committed in any part of either of said counties."

1. We think the distinction made by the trial court between local and transitory offenses cannot be sustained. The language of the statute is clear and unambiguous. It states in unmistakable terms that the counties named "shall have jurisdiction in common of *all* offenses committed upon the waters of Lake Huron." No class of offenses is excepted therefrom, either expressly or by inference, and therefore we can except none.

2. The foregoing statute in its present form was passed by the legislature in 1885, but was simply a reenactment of an old statute, with slight changes, which was passed by the first legislature of the State. Similar laws were passed with reference to Lake Michigan, Lake Erie, Lake Superior, and Lake St. Clair (chapter 84, 1 Comp. Laws (1 Comp. Laws 1915, chap. 69), and these enlarged jurisdictions have been recognized as valid by this court. *People* v. *Coffey*, 155 Mich. 103 (118 N. W. 732). These acts very clearly indicate that it has been the policy of the State, ever since it began its existence, to create and maintain a different vicinage for the trial of offenses committed on the waters of the Great Lakes from the one prescribed for the rest of the State. *People* v. *Bouchard*, 82 Mich. 156 (46 N. W. 232, 9 L. R. A. 106). The reason for creating an enlarged vicinage for the trial of offenses committed upon the Great Lakes is obvious, on account of the great difficulty which would be encountered in determining in which of the bordering counties the commission of the act took place. It is quite evident that the necessity of the situation was what gave rise to this enlarged vicinage. While the general rule is that the county is the vicinage, there are some

exceptions thereto where justice demands it. Illustration of this is seen in the exception to the rule giving to the adjoining counties of the State concurrent jurisdiction of offenses committed on and within 100 rods of the boundary line between them. The difficulty of determining in certain cases upon which side of the line the offense was committed gave rise by necessity to an exception to the rule.

Another exception to the rule is the statute providing for the change of venue; this is an enlargement of the vicinage in the interest of the administration of justice. The fixing of the boundaries of a vicinage is a legislative function, and it has been exercised in this State by the legislature declaring that the county shall be the unit in which jurors shall be selected to try offenses committed therein, and this rule has been steadily and consistently adhered to, save in unusual cases where the proper administration of justice demanded an enlarged jurisdiction. We see nothing in this section which indicates that the legislature has exceeded its powers. It has created an enlarged vicinage for the trial of all offenses committed upon the waters of Lake Huron, because the vicinage of the county would be an impracticable one. If these jurisdictions are larger than they should be, it must be remedied by the legislature, and not by the courts. We are therefore of the opinion that the justice of the peace in Bay county, before whom this complaint was made, had jurisdiction to entertain it. Having arrived at this conclusion, we think the other questions presented on this record should be presented to that court.

The judgment of the lower court is reversed, and one will be entered therein denying the prayer of the petition for the writ of habeas corpus.

STONE, C. J., and KUHN, MOORE, STEERE, and BROOKE, JJ., concurred with BIRD, J.

OSTRANDER, J. In my opinion the statute is valid, and applicable, but the order of this court should go no further than vacating the order of the circuit court.

The late Justice MCALVAY took no part in this decision.