## THE PEOPLE v. JAMES COLLISON ET AL.

*Criminal law—Fishing regulations—Right to take fish—Directing verdict.*

1. Act No. 329, Local Acts of 1885, making it unlawful for *any person* to take or catch any fish in the waters of Gun lake, in the counties of Barry and Allegan, by means of spears, or by the use of "jacks" or artificial light of any kind, is held to be valid legislation; said lake being connected with other lakes and streams through which fish migrate.

2. It is error for the court, on the trial of a respondent for a misdemeanor, to direct the clerk to enter a verdict of guilty, even

though the facts be undisputed, and thus give the jury no opportunity to follow, or to refuse to follow, the court's direction to render such a verdict; the Court distinguishing this case from *People v. Neumann, ante,* 98, where the jury acquiesced in such direction.

Exceptions before judgment from Barry. (Hooker, J.) Argued February 4, 1891. Decided February 27, 1891.

Respondents were convicted of taking fish contrary to the provisions of Act No. 329, Local Acts of 1885. Conviction set aside. The facts are stated in the opinion.

*C. G. Holbrook* and *Walter Powers,* for respondents.

*A. A. Ellis,* Attorney General, and *Clement Smith,* Prosecuting Attorney, for the people.

McGRATH, J.   Defendants were convicted in the Barry circuit of a violation of Act No. 329, Local Acts of 1885, which reads as follows:

"SECTION 1. *The People of the State of Michigan enact,* That it shall not be lawful for any person to take or catch any fish in the waters of Gun lake, in the counties of Barry and Allegan, by means of spear, fire-arm, net, trap-net, snare, or by the use of 'jacks,' or artificial light of any kind, or by the use of dynamite, giant-powder, or any other explosive substance or combination of substances.

"SEC. 2. Any person violating any of the provisions of this act shall be deemed to be guilty of a misdemeanor, and upon conviction shall be fined not to exceed fifty dollars and costs of suit, or imprisonment in the county jail not to exceed sixty days, or both such fine or imprisonment, in the discretion of the court.

"SEC. 3. In all prosecutions under this act it shall be *prima facie* sufficient, on the part of the people, to show that the defendant was found upon the waters of said lake with spear, net, trap-net, 'jack,' or artificial light of any kind, or with dynamite, giant-powder, or any other explosive substance or combination of substances."

Pan lake empties into Gun lake, and Gun lake covers

several sections of land, and is about three miles in length and width. Its outlet is Gun river, which. empties into the Kalamazoo river, and that into Lake Michigan. James Collison, one of the defendants, owned about three-quarters of an acre of land on Gun lake, described by metes and bounds, and "bordering on the lake." The place of fishing was opposite this piece of land, and the parties went upon the lake from said land. The offense alleged was the catching of fish by means of spears and the use of "jacks." The commission of the act was conceded, and the only defense made was that the defendant James Collison was fishing "upon his land, over his own soil, and in his own water," and the other defendants were there by his permission; that defendants and other shore-owners of land bordering on Gun lake had from time immemorial exercised the right of fishing on said lake, and had by long-continued custom acquired the right to take fish in said lake by any means, spears or nets, prior to the passage of the act in question; and that this statute, in so far as it interfered with such right, was invalid and repugnant to the Constitution of this State by depriving defendants' of property without compensation. After the close of the testimony, counsel for defendants said:

"I shall request your honor to direct a verdict of acquittal of these defendants. That is all we can do. I will put it in writing.

"*Court.* Yes, you may do so. I think, under the proof in the case, the court should direct a verdict. There is nothing really to go to the jury. You admit the act, as I understand it.

"*Counsel for Defendant.* Yes, sir; we don't deny the taking of these fish.

"*Court.* I think a verdict may be entered for the people in the case, convicting the defendants of this offense, and the jury may be discharged from the case."

Two errors are assigned:

1. That the judge erred in refusing to instruct the jury to acquit defendants.

2. That the judge erred in directing a verdict for the people.

It does not appear here that the land of James Collison extends into the lake, but in our view of the case that is entirely immaterial, as the rule would be the same whether he did or did not own the land over which the fish were caught. It is sufficient that he did not own Gun lake, and, even though he did, that it connected with other lakes and streams through which fish migrate. The right of James Collison to fish in Gun lake is not an exclusive right, and the design of the statute is to protect others in Gun lake, as well as in the other waters connecting therewith, in the enjoyment of the same privilege. The right to fish even in these waters is so far public that the State may by statute protect it. The protection of fish in Gun lake is necessary for their preservation in the waters of Pan lake, Gun river, the Kalamazoo river, Lake Michigan, and the other Great Lakes. Defendant James Collison never acquired any property in the fish which frequent Gun lake. By reason of their migratory habits, their ownership is in the whole people of the State, and no individual has any property right in them until they have been subjected to his control.[1] To fish is a privilege accorded by the State, and the question of individual enjoyment is one of public privilege, and not of private right.

"Unless the catching of fish," as is said by one writer, "is conducted with reason, either the fish may be altogether exterminated, or the enjoyment of the right by

---

[1] See *Sterling v. Jackson,* 69 Mich. 488, for a valuable case on this subject.

one may interfere with the equal enjoyment of the right by others."

Hence, for the protection of fish, a valuable article of food and merchandise, the control of which is in the State, and to preserve equality in the right to fish, the State has an undoubted right to regulate the manner in which they shall be caught, and to protect their migrations. There was no error in the refusal of the court to direct a verdict for defendants.

We think, however, that the court erred in discharging the jury, and directing a verdict of guilty to be entered by the clerk. In no sense can this be said to have been a trial by a jury. The verdict of the jury is absolutely wanting. If the defendant in a criminal case cannot waive a trial by jury, it is difficult to see how this conviction can be sustained. In the case of *People v. Neumann, ante,* 98, and in the several cases therein referred to in support of the conclusion arrived at there, the jury acquiesced in the direction of the court; but here the court gave the jury no opportunity to follow, or to refuse to follow, the court's direction; in fact, there was no direction to the jury, but one to the clerk to enter a verdict.

For this error the conviction must be set aside, and a new trial had.

The other Justices concurred.