COMMONWEALTH *vs.* JOHN W. SAVAGE.

Suffolk. November 23, 1891. — January 6, 1892.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Lobsters — Statute — Possession.*

The St. of 1887, c. 314, § 1, providing that "whoever sells or offers for sale, or has in his possession, a lobster less than ten and one half inches in length," shall forfeit five dollars for every such lobster, and that "in all prosecutions under this section the possession of any lobster not of the required length shall be *prima facie* evidence to convict," makes it an offence to have in one's possession lobsters under the required length, without regard to the place where they were obtained.

The provision of the Pub. Sts. c. 91, § 81, as to returning lobsters alive to the waters whence they were taken, does not apply to those caught outside of the Commonwealth and sent here for sale, but to lobsters inadvertently taken by one lawfully fishing in the waters of this Commonwealth during the period when the taking of lobsters is prohibited.

INDICTMENT, on the St. of 1887, c. 314, § 1, against the defendant, for having in his possession on February 19, 1891, certain lobsters less than ten and one half inches in length.

At the trial in the Superior Court, before *Braley*, J., it appeared in evidence that the defendant was a wholesale lob-

ster· dealer in Boston; that shortly before February 19, 1891, he bought and received in Boston a large number of lobsters, caught in and sent from the British Provinces; that soon after the delivery of the lobsters at his place of business near tide-water in Boston, on or about the last named date, there were found among them two hundred and fifty lobsters, each less than ten and one half inches in length, according to the statute measurement rule; that the defendant immediately upon ascertaining that they were less than the proper length, and after the officer had found them, returned them alive into such tide-water. ·

The defendant requested the court to instruct the jury that the evidence was not sufficient to warrant a verdict of guilty. The judge refused so to rule, and the jury returned a verdict of guilty; and the defendant alleged exceptions.

*M. P. Beckett,* for the defendant.

*A. E. Pillsbury,* Attorney General, (*C. N. Harris,* Second Assistant Attorney General with him,) for the Commonwealth.

MORTON, J. In *Commonwealth* v. *Hall,* 128 Mass. 410, it was decided, in a complaint based upon St. 1879, c. 209, § 1, that under the language of that statute the partridge, woodcock, or quail the taking or killing of which was made penal, and the possession of which was made *prima facie* evidence to convict, meant partridge, woodcock, or quail killed or taken in this State. In the present case there is no such language in the statute on which the complaint is based as in that on which the complaint in *Commonwealth* v. *Hall* was brought. The language of the St. of 1887, § 1, is unqualified: " Whoever sells or offers for sale, or has in his possession, a lobster less than ten and one half inches in length measuring . . ., shall forfeit five dollars for every such lobster; and in all prosecutions under this section the possession of any lobster not of the required length shall be *prima facie* evidence to convict." Nothing in the statute, expressly or by implication, limits it to lobsters taken in the waters of this Commonwealth. The object of the Legislature was to protect the growth of lobsters in our own waters, and the Legislature no doubt thought that the most effectual way to accomplish that purpose was to make it penal for any person to have in his possession any lobster under

the length fixed by the statute. That such a law may in some cases operate harshly, if rigorously enforced, cannot be denied, but that is a matter with which we cannot deal. The fact that the lobsters were caught in and sent from the British Provinces to the defendant, and that, as soon as discovered, those found to be of short length were returned alive into tide-water by him, cannot avail him as a defence to the complaint. It is an offence under the statute to have in one's possession lobsters under the required length, without regard to the place where they were obtained. *Phelps* v. *Racey*, 60 N. Y. 10. The provision as to returning lobsters alive to the waters whence they were taken, does not apply to a case like this, but to lobsters inadvertently taken by one lawfully fishing in the waters of this State during the period when the taking of any lobsters is prohibited. Pub. Sts. c. 91, § 81. Statutes similar to that under consideration in this case have been enacted and upheld in other jurisdictions, and we see no valid objection to it. *Whitehead* v. *Smithers*, 2 C. P. D. 553. *Phelps* v. *Racey*, 60 N. Y. 10.

Although the point now presented was not before the court in *Commonwealth* v. *Barber*, 143 Mass. 560, that case tends quite strongly to support the views here expressed. Inasmuch as it appeared at the trial that lobsters of short length were actually in the possession of the defendant at or about the time charged, we have not thought it necessary to consider what is the meaning of the provision of the statute as to possession being *prima facie* evidence to convict when applied to a case of possession merely, or whether it applies only to cases of selling or offering for sale, as suggested in *Commonwealth* v. *Barber*, *ubi supra*.

*Exceptions overruled.*