PEOPLE v. DORNBOS.

1. FISH—WEIGHT—ILLEGAL POSSESSION—CONSTRUCTION OF STATUTE—TITLE TO ACT.

Section 2 of Act No. 88, Pub. Acts 1899, providing that it shall be unlawful to have in possession any lake trout weighing less than 1½ pounds in the round, applies not only to fishermen, but to any one having such fish in his possession; the title to the act (i. e., an act "to regulate the catching of fish in the waters of this State by the use of pound or trap nets * * * or other apparatus") being sufficiently broad to warrant this conclusion.

2. SAME—ELEMENTS OF OFFENSE—STRIPPED FISH.

To authorize a conviction under said section, it is not necessary that the fish should have been in the round when found in respondent's possession; it being sufficient if the fish so found never weighed 1½ pounds each.

3. SAME—PLEADING AND PROOF.

Nor, under a complaint charging the possession of "a large number, to wit, 300 pounds," of trout of less than the prescribed weight, is it necessary to prove that each and every fish of such quantity was under weight.

4. SAME—DEFENSES—IMPORTATION OF FISH.

It is no defense to a prosecution under said section that the fish were caught in another State; the proviso to the section, that it shall be lawful to transport and sell any trout "legally caught" during any season of the year, having reference solely to fish not under the specified weight.

Exceptions before judgment from Ottawa; Padgham, J. Submitted February 15, 1901. Decided June 17, 1901.

Henry Dornbos and Gerrit Dornbos were convicted of a violation of the fish laws. Affirmed.

*Walter I. Lillie*, for appellants.

*P. H. McBride*, Prosecuting Attorney, for the people.

LONG, J.   Respondents were charged with having in their possession, contrary to law, a large number of lake trout, to wit, 300 pounds, each weighing less than 1½ pounds in the round.   The complaint was made under the provisions of section 2, Act No. 88, Pub. Acts 1899. A trial was had before the justice, and respondents were convicted.   An appeal was taken to the circuit court, and on a trial before a jury the respondents were again convicted.   The case comes into this court on exceptions before judgment.

The title of the act is:

"An act to amend sections one and two, and to add sections six and seven, of act number one hundred fifty-one of the public acts of eighteen hundred ninety-seven, entitled 'An act to regulate the catching of fish in the waters of this State by the use of pound or trap nets, gill nets, seines, or other apparatus.'"

Section 2 of the act of 1899 provides:

"It shall be unlawful to market or have in possession any sturgeon or rock sturgeon weighing less than fifteen pounds, any white fish weighing less than two pounds, any lake trout weighing less than one and one-half pounds, * * * in the round."

Section 2 of the act of 1897, of which this is an amendment, provides that it shall be unlawful to market or have in possession any sturgeon or rock sturgeon weighing less than 15 pounds, or any white fish weighing less than 2 pounds, in the round.   The only change made in section 2 by the act of 1899 is to include lake trout and other small fish not enumerated in section 2 of the act of 1897. It is contended by counsel for respondents that these acts of 1897 and 1899 were intended to apply only to fishermen, and not to persons who do not catch fish, and whose offense it is to have them in possession; that, if the acts were intended to apply to persons having such fish in possession, the same was not set forth in the titles to the acts.   Counsel cites, as sustaining his contention, the case of *Osborn* v. *Charlevoix Circuit Judge*, 114 Mich. 655 (72 N. W. 682).

That case places no such limitation upon the act of 1897. The title to the act is, we think, broad enough to warrant the placing of the provisions of section 2 therein. It is one of the means intended by the legislature to regulate the catching of fish in the waters of the State. If it be made unlawful to market or have in possession these small fish, then fishermen of the State would have no occasion or purpose in taking them from the waters. Section 1 of the act regulates and prescribes the duties of fishermen in the catching of fish, and makes it unlawful for them to use any but the prescribed kinds of nets; and section 4 makes any violation of the act a misdemeanor, and prescribes the penalty. Counsel also cites *People* v. *Allen*, 45 N. Y. Supp. 74, as sustaining his contention. The court had under consideration there a section of the statute making it unlawful to take clams from their beds less than the size therein specified. It was held that the persons contemplated by such section were the catchers of clams, and not restaurant keepers. So far as shown by the opinion in that case, there was no reference in the statute to any persons except those who were dredging or digging for clams. If the statute of Michigan under consideration had not contained the provisions of section 2, it would likely follow that the act could not be applied to one having fish in possession.

Counsel for respondents asked the court to charge the jury:

"Unless you find from the evidence in this case, and beyond a reasonable doubt, that the fish mentioned in the evidence in this case were each in the round, and each weighed less than one and one-half pounds, when found in their possession, your verdict will be not guilty."

This was refused, and the court charged:

"The question in this case is, Did these respondents have in their possession—it makes no difference how few —lake trout that weighed less than a pound and a half in the round? Now, what is meant by 'in the round?' It is before they are cleaned. It is claimed by the respondents that this phrase means that they shall be in the

round when they are found in the possession of the party. That is not the construction of the law, as I read it.   *   *   *   If you find that they were fish that never weighed a pound and a half, they would be liable under this statute.''

· We think the court was not in error in refusing the request asked nor in the charge as given.   The legislative intent is clear that the prohibition was against the taking or having in possession fish weighing at the time of taking less than the prescribed number of pounds, and the having in possession of one or more of such fish is a violation of the terms of the statute.

But one other question is raised which we deem of any importance to the rights of the respondents.   On the trial the question was asked of one of the people's witnesses on cross-examination, ''Do you know what kinds or sizes of fish can be caught in Indiana ?''   This was objected to, and the objection sustained.   Counsel in his brief now asserts that this was error, and claims that one might catch fish of the prohibited weight in Indiana, and bring them into this State, without violating the statute, as, by the proviso of section 2 of the act, it is made lawful ''to transport and sell any of said described kinds of fish legally caught during any season of the year.''   That proviso has sole reference to fish not prohibited by that section from being caught,—that is, fish weighing more than the number of pounds specified in the act,—and as to those fish they might be transported and sold during any season of the year.   ·Undoubtedly it would be an offense under the statute to bring into this State to market, or have in possession, prohibited fish weighing less than that prescribed by the act.   In Massachusetts the statute provides :

''Whoever sells or offers for sale, or has in his possession, a lobster less than ten and one-half inches in length, *   *   *   shall forfeit five dollars for every such lobster.''

It was held in *Com.* v. *Savage,* 155 Mass. 278 (29 N.

E. 468), that the act applied to lobsters caught and sent in from the British possessions.

It follows that the conviction must be affirmed.

The other Justices concurred.