KLUG *v.* AUDITOR GENERAL.

1. PLATS — MUNICIPAL CORPORATIONS — MANDAMUS — APPROVAL BY AUDITOR GENERAL.
   Mandamus will not lie to compel the auditor general to approve a plat of township land, approved only by the township board, where the statute (sections 3372, 3373, 1 Comp. Laws, as amended by Act No. 251, Pub. Acts 1915, 1 Comp. Laws 1915, §§ 3350, 3351) required the approval of the board of county auditors as well as that of the township board.

2. SAME—STATUTES—CONSTRUCTION—INTENT.
   Where the subjects of inquiry committed to the county board by the statute are not among the duties of either

the township board or the auditor general, *held*, a reasonable construction of the statute to be the legislative intention to have all plats subjected to the same measure of scrutiny and investigation, and to require the approval of the county board.

3. STATUTES—CONSTRUCTION—LEGISLATIVE INTENTION.
   While punctuation and rules of grammatical construction have been applied for the purpose of ascertaining the meaning of a statute, nevertheless they must yield to a clearly disclosed legislative intention, as that is the real test to be applied.

Mandamus by William H. Klug against Oramel B. Fuller, auditor general, to require respondent to approve a plat under sections 3350, 3351, 1 Comp. Laws 1915. Submitted November 2, 1916. (Calendar No. 27,563.) Writ denied December 21, 1916.

*Charles Bowles*, for relator.

*Grant Fellows*, Attorney General, and *L. W. Carr*, Assistant Attorney General, for respondent.

KUHN, J. Mandamus is sought to compel the respondent to approve a plat of certain land situated in the township of Hamtramck, Wayne county. The petition alleges that the plat was executed in due form, and that the treasurer of the county had attached thereto his certificate to the effect that all taxes for the five years preceding have been paid, and that the township board approved the plat; but, when submitted to the respondent, he declined to approve it, assigning as a reason for his action that it had not been approved by the board of auditors of Wayne county.

The proceedings in question are governed by sections 3372, 3373, of the Compiled Laws of 1897, as amended by Act No. 251 of the Public Acts of 1915 (1 Comp. Laws 1915, §§ 3350, 3351), and so much of the first section is here set forth as is necessary for an understanding of the question involved.

"Before such map or plat shall be approved by the auditor general, and before such map or plat shall be recorded by the register of deeds, the proprietor or proprietors thereof shall cause to be attached to said map or plat a certificate of approval from the township board or the city council, or the board of commissioners in municipalities having a commission form of government, or the village council having jurisdiction over the land so described in the said map or plat: *Provided,* that if said township board, city council or village council refuse to approve said map or plat it shall notify in writing, within five days, the proprietor or proprietors, or their agents, of such non-approval, giving its reasons therefor, and such map or plat before being approved by the auditor general and before being recorded as aforesaid, shall be delivered at the office of the county clerk and by him presented to a board consisting of the judge of probate, county clerk and county treasurer of the county in which the lands so described in said map or plat are situated, or to the boards of county auditors in counties having such boards. It shall be the duty of said board whenever any map or plat is submitted to them to carefully examine the same for the purpose of determining whether or not the caption of said map or plat conflicts in any way with the title or caption of any other map or plat previously recorded in the office of the register of deeds of said county, and also for the purpose of ascertaining whether or not the streets and alleys in such map or plat conform, in their opinion, to the streets and alleys of any adjoining map or plat heretofore recorded; and are so named that no name previously in use in the same city or village shall be made use of except in continuing a street or alley: *Provided,* that nothing herein contained shall require the dedication of any other or further streets than those shown on the plat; and for the purpose of determining whether or not the land included within the limits of said map or plat is suitable for platting purposes; and if, upon examination of said map or plat a majority of said board shall find that the title or caption does not conflict with that of any other map or plat, not vacated, recorded in such county, and the streets and alleys do conform to those of any adjoin-

ing map or plat theretofore recorded; and are so named that no name previously in use in the same city or village shall be made use of except in continuing a street or alley; and further, that the land included in said map or plat is suitable for platting purposes, and that said map or plat conforms to the requirements of this act, the said board shall indorse its approval thereon by the signatures of a majority of said board, but shall otherwise reject the same. And if the map or plat is not approved, and rejected for not being in conformity with the requirements of this act, said board shall notify, in writing, within five days, the proprietor or proprietors, or their agents, of such rejection or nonapproval, giving its reasons therefor."

It is the claim of the petitioner that, under the provisions of this act, if a plat of township property has been approved by the township board, it is then unnecessary for the board of county auditors to pass upon said plat, and that, if open to no other objection, it must be accepted and approved by the auditor general and placed on record in his office. A mere reading of the section of the statute discloses that it is rather loosely drawn, and that the proviso in the portion of the statute before quoted is ambiguous. In construing it the question is, How much of the ensuing provision should be regarded as embraced within such proviso? Does it extend to the comma following the words "giving its reasons therefor," or does it include all of the language after the proviso before quoted? It is a fundamental rule of construction, and one well established by this court, that in construing the terms of a statute the real test to be applied is, What was the intention of the legislature? If we are able to ascertain from a reading of the entire statute what such intention was, such a construction should be given the statute as to be in harmony therewith. *City of Detroit* v. *Chaffee,* 70 Mich. 80 (37 N. W. 882) ; *Attorney General* v. *Plank. Road Co.,* 2 Mich. 138; *Parsons* v. *Wayne Circuit Judge,* 37 Mich. 287; *In re Lam-*

*brecht,* 137 Mich. 450 (100 N. W. 606); *People* v. *Schoenberg,* 161 Mich. 88 (125 N. W. 779); *Rohde* v. *Wayne Circuit Judge,* 168 Mich. 683, 686 (131 N. W. 523, 135 N. W. 457). Relator's position is based largely upon the punctuation and upon rules of grammatical construction, and while these rules have been applied for the purpose of ascertaining the meaning of a statute, nevertheless they must yield to a clearly disclosed legislative intention. 36 Cyc. p. 1117.

The attorney general, in his brief for the respondent, has gone into the legislative history of this section to fortify his position as to the intention of the legislature in passing the act, and, while this is proper and strengthens his position, we think that the reading of the act itself is convincing that the construction placed thereon by the respondent is in accordance with the legislative intention. To interpret the proviso as requiring submission to the county board only when approval is refused by the township board or municipal council would be repugnant to the specific language immediately following the proviso. Certain tests are prescribed by the legislature to which the map or plat must conform before the county board may approve the same. The streets and alleys must conform to the streets and alleys of the adjoining plats, and names previously used in the city or village may not be employed except in continuing a street. The title or caption must accord to the plat and be not inconsistent with that of any other plat recorded in the county, and the question is also to be passed upon whether or not the land is suitable for platting purposes. These specific subjects of inquiry committed to the county board are not mentioned in defining the duties of either the township board, the municipal council, or the auditor general. To give the statute the construction contended for by relator, viz., to require the submission of the plat to the county board

only when the local board refuses its approval, would result in having the tests suggested in the statute only applied when the local board has declined to approve the plat. Such surely could not have been the legislative intention, and the only reasonable construction to give the statute is that it was rather the legislative intention to have all plats subjected to the same measure of scrutiny and investigation. This is the only construction which, in our opinion, permits an adequate remedy for the condition which the legislature unquestionably sought to reach and change.

The writ is denied, with costs to the respondent.

STONE, C. J., and OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.