ATTORNEY GENERAL, *ex rel.* WHITCOMB, *v.* LAU.

1. STATUTES—INTERPRETATION—CONSTRUCTION—INTENT.
    In interpreting and construing statutes, primary rule is to ascertain and give effect to intention of legislature.

2. SAME—FILLING VACANCIES IN COUNTY OFFICES—GENERAL LEGISLATION.
    Provisions of Revised Statutes 1846, tit. 3, chaps. 12–15, inclusive, relating to general subject of resignations, vacancies, and removals of State and county officers, are part of general plan of legislation, and, so far as embodied in later compilations of statutes, provisions applying to separate county offices are also general rather than·special legislative enactments.

3. SAME—LATER GENERAL ACT REPEALS INCONSISTENT EARLIER GENERAL ACT.
    Act No. 199, Pub. Acts 1923 (1 Comp. Laws 1929, § 3369), relating to filling vacancies in appointive and elective public offices, is general act supplanting earlier general acts covering same subject-matter.

4. SAME—REPEAL BY IMPLICATION—FILLING VACANCY IN OFFICE OF COUNTY TREASURER.
    Act No. 199, Pub. Acts 1923 (1 Comp. Laws 1929, § 3369), providing that vacancy in office of county treasurer shall be

As to legislative intention in construing statutes, see annotation in 5 L. R. A. 342.

filled by judge of probate, county clerk, and prosecuting attorney, being later general enactment, by necessary implication repeals inconsistent provision of earlier general enactment (1 Comp. Laws 1929, § 1264), that vacancy in said office shall be filled by board of supervisors.

*Quo warranto* proceedings by Paul W. Voorhies, Attorney General, upon the relation of Arthur C. Whitcomb, against Herman R. Lau to try the title to the office of county treasurer of Wayne county. Submitted October 22, 1931. (Docket No. 193, Calendar No. 35,935.) Writ dismissed December 8, 1931.

*Paul W. Voorhies,* Attorney General (*Arthur J. Lacy,* of counsel), for plaintiff.

*Schmalzriedt, Frye, Granse & Frye,* for defendant.

NORTH, J. In January, 1931, the county treasurer of Wayne county, Godfrey Freiwald, died. The term he was then serving as county treasurer expired June 30, 1931. He was also county treasurer elect for the two-year term beginning July 1, 1931. At the time of Mr. Freiwald's death the respondent herein, Herman R. Lau, was the duly appointed deputy county treasurer. He performed the duties of county treasurer during Mr. Freiwald's illness and has continued to do so to the present time. With the purpose of filling the vacancy in the office of county treasurer for the term beginning July 1, 1931, the probate judge and prosecuting attorney of Wayne county, assuming and believing they together with the county clerk were vested by statute with the power so to do, appointed Herman R. Lau to fill the vacancy. The appointee qualified, assumed the duties of office, and has continued therein. Conflict-

ing action was taken by the Wayne county board of supervisors, which, assuming and believing it had power by statute to fill the vacancy, convened and appointed A. C. Whitcomb. He likewise qualified and demanded possession of the office of Mr. Lau. Possession was denied, and Mr. Whitcomb instituted this proceeding in *quo warranto* for the purpose of determining which of the two is entitled to the office. Decision will be controlled by determination of which of the two appointing bodies has the power to fill the vacancy. Mr. Lau's appointment was made by the probate judge, county clerk, and prosecuting attorney under the provisions of Act No. 199, Pub. Acts 1923, § 5; being 1 Comp. Laws 1929, § 3369:

"When a vacancy shall occur in an elective or appointive county office, it shall be filled in the following manner:

"1. (Provision for appointing county clerk or prosecuting attorney, not here material).

"2. If the vacancy shall be in any other county office, either elective or appointive, *the judge of probate, the county clerk and the prosecuting attorney* shall appoint some suitable person to fill such vacancy and the person so appointed shall hold such office for the remainder of the unexpired term."

Relator's appointment was made by the board of supervisors under 1 Comp. Laws 1929, § 1264:

"In case the office of county treasurer shall become vacant, or in case the treasurer, from any cause, shall be incapable of discharging the duties of his office, *the board of supervisors* may, if in their opinion the interests of the county require it, by writing under their hands, select a suitable person to perform the duties of the treasurer; and such person so selected, upon giving such bond for the faithful performance of the duties of the office as the said

board shall direct, may perform such duties until such vacancy shall be filled, or such disability be removed.''

The section last above quoted has been a part of the statutory law of this State since enactment of the Revised Statutes of 1846. See chapter 14, § 38, Rev. Stat. 1846. It has not been expressly repealed; and relator, relying upon *Attorney General, ex rel. Owen,* v. *Joyce,* 233 Mich. 619, contends that the earlier act was not repealed by the later act by necessary implication. On the other hand, respondent takes these positions: First, that the two statutes can be construed in harmony by holding that the appointment by the board of supervisors under the earlier statute which provides that the appointee ''may perform such duties until such vacancy shall be filled'' continues only until an appointment is made by the judge of probate, county clerk, and prosecuting attorney under the later act, which provides that ''the person so appointed shall hold such office for the remainder of the unexpired term.'' Second, that if there is irreconcilable conflict between two enactments, the later by necessary implication repeals the earlier.

Respondent's first contention is not tenable. Because of our decision herein later expressed we forego detailed discussion of this position taken by respondent except to note that we can see no purpose in a statute construed as meaning that the board of supervisors might make an appointment which would hold only until the probate judge, county clerk, and prosecuting attorney might name the real successor to the former treasurer. An appointment by the board of supervisors under such circumstances would be a rather idle ceremony. In inter-

preting and construing statutes, the primary rule is to ascertain and give effect to the intention of the legislature. 25 R. C. L. p. 960. We cannot find in this act the legislative intention suggested by respondent, especially in view of the fact that the statute authorizing an appointment by the judge of probate, county clerk, and prosecuting attorney was enacted many years later than the statute vesting that power in the board of supervisors.

We think the real issue here presented is thus properly stated in relator's brief:

"The principal question to be settled by the court in this case is which of two apparently inconsistent statutes dealing with the filling of vacancies in county offices confers the power to fill vacancies in the office of county treasurer."

Consideration of this question necessitates somewhat of a review of the statutory enactments. No purpose would be served by an investigation antedating the Revised Statutes of 1846, because at that time there was a general re-enactment of the statutory law of the State. Reference to the 1846 Revised Statutes discloses that under title 3, composed of chapters 12 to 15 inclusive, the general subject of resignations, vacancies, and removals of State and county officers is covered. That is, these phases of the State's legislation were included in a general act. The various provisions relating to filling vacancies in county offices will be found in chapters 14 and 15. As noted above, the 1846 provision as to the office of county treasurer is verbatim that now embodied in 1 Comp. Laws 1929, § 1264. Likewise the provisions for filling vacancies or designating a successor in office in the Revised Statutes of 1846 are substantially the same as those in the Compiled

Laws of 1929 relating to the office of sheriff and register of deeds. See Rev. Stat. 1846, tit. 3, chap. 14, and 1 Comp. Laws 1929, §§ 1327, 1376, and 1377. The provisions in the Revised Statutes of 1846 covering successors in county offices and filling vacancies are a part of a general plan of legislation under one general heading; and we think that, as embodied in the later compilations of the statutes, these provisions applying to the separate county offices must also be held to be general rather than special legislative enactments. These general acts unquestionably controlled as to filling vacancies prior to Act No. 199, Pub. Acts 1923. The 1923 legislature framed and passed this statute as "An act to provide for the filling of vacancies in appointive and elective public offices." Consideration of its provisions necessitates the conclusion that the legislature intended this act should be a general act which would supplant earlier general acts covering the same subject-matters and that it would simplify, unify, and expedite filling vacancies. As in the Revised Statutes of 1846 so in this 1923 act the legislature grouped together provisions for filling vacancies in both State and county offices. Section 5 of Act No. 199, Pub. Acts 1923, covers all vacancies occurring in legislative or appointive county offices. As to county clerk and prosecuting attorney, the constitutional provision (article 7, § 11) is made a part of the statute in subd. 1, § 5, and by subd. 2 of the same section power to fill vacancies in any other county office, either elective or appointive, is vested in the judge of probate, county clerk, and prosecuting attorney. Thus, as to filling a vacancy in the office of county treasurer, we have a provision in direct and irreconcilable conflict with the earlier statute which placed the appointing power in the board of supervisors. The conclusion

must follow that Act No. 199, Pub. Acts 1923 (1 Comp. Laws 1929, § 3369), by necessary implication repeals the former provision as to filling a vacancy in the office of county treasurer.

As above noted, relator relies largely upon the decision of this court in *Attorney General, ex rel. Owen,* v. *Joyce, supra.* He contends that in the instant case the provision for filling the vacancy in the office of county treasurer is in the nature of particular and special legislation, and therefore the later general act does not repeal it by necessary implication. The error in this position is indicated by our foregoing holding that the legislation controlling the manner of filling vacancies in this and other county offices is general legislation. That the *Joyce Case* does not come within the field of the instant case was emphasized and clearly pointed out by Justice McDonald in his holding that the statute there involved was special legislation covering particularly and specifically a portion of the highway law. Writing for the court he said:

"This act (Act No. 283, Pub. Acts 1909 [1 Comp. Laws 1929, § 3916 *et seq.*]) contains a complete and comprehensive system of laws relating to highways. It touches no other subject of legislation.  *  *  * The act created county road commissioners to be appointed by the supervisors in the first instance, and thereafter whenever vacancies occurred. Can this special legislation be repealed by inference alone, by the subsequent enactment of a statute that does not pertain to highways, and contains no express language indicating its intention to repeal any part of the highway law?  *  *  * If it had intended to repeal any part of such an important law as the highway law, it is reasonable to suppose that its intention to do so would have been expressly stated and not left to inference and conjecture. The intention of

the legislature to the contrary not clearly appearing, we hold that the provisions of the highway act authorizing the board of supervisors to make appointments to fill vacancies is still in force and effect notwithstanding Act No. 199, Pub. Acts 1923 (1 Comp. Laws 1929, § 3365 *et seq.*). * * * In this view of the matter the two acts can be harmonized: the first as the law for filling vacancies to a particular office; and the second as the law for filling vacancies to elective and appointive offices generally.''

The clause last above quoted rather pointedly foreshadowed the decision herein made. The respondent, Herman R. Lau, was legally appointed to fill the office of county treasurer of Wayne county; and relator's information in the nature of *quo warranto* is dismissed, with costs to be taxed.

Butzel, C. J., and Wiest, Clark, McDonald, Potter, Sharpe, and Fead, JJ., concurred.