AIKENS v. DEPARTMENT OF CONSERVATION

OPINION OF THE COURT

1. ANIMALS—FERAE NATURAE—OWNERSHIP.

Animals *ferae naturae* are not objects of private ownership, but belong to the state, which in effect, holds these animals in trust for all of the people of the state in their collective capacity.

2. ANIMALS—FERAE NATURAE—REGULATION.

The state, representing the people, has the authority to regulate or even prohibit the taking of animals *ferae naturae* if such action is deemed necessary for the public good.

3. FISH—POSSESSION—COMMERCIAL FISHERMEN.

A commercial fisherman may acquire only such right to possession or ownership of fish as the state may allow.

4. FISH—PERCH—UNLAWFUL POSSESSION—WEIGHT—LENGTH—STATUTES.

Statute prohibiting marketing, possessing, transporting, or offering for sale any perch of less length than eight and one-half inches in the filleted round and perch of less weight than one and three-fourths ounces means that perch, to be unlawfully possessed, must be under both the specified length and the specified weight; if the perch meets either the length requirement in the round or the weight requirement when filleted possession is not unlawful (MCLA § 308.14).

5. JUDGMENT—SUMMARY JUDGMENT—MATERIAL ISSUE OF FACT.

Summary judgment is not properly granted where there is a material issue of fact in dispute (GCR 1963, 117).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  5 Am Jur 2d, Animals §§ 14–19.
[3, 4, 6]  35 Am Jur 2d, Fish and Game §§ 5–7, 20.
  Applicability of state fishing license laws or other public regulations to fishing in private lake or pond.  15 ALR2d 754.
[4, 6]  35 Am Jur 2d, Fish and Game § 48.
[5]  41 Am Jur, Pleading §§ 340–343.

6. Fish—Perch—Unlawful Possession—Weight—Length—Statute.

> *Statutory provision prohibiting the possession of perch of a less length than eight and one-half inches in the round and filleted perch of less weight than one and three-fourths ounces means that perch are unlawfully possessed if they are under either the specified weight or the specified length; perch which fails to meet one of the statutory minimum requirements, even if it meets the other requirement, is unlawfully possessed (MCLA § 308.14).*

Appeal from Court of Claims, John X. Theiler, J. Submitted Division 2 June 9, 1970, at Lansing. (Docket No. 7,365.) Decided November 30, 1970. Leave to appeal granted February 10, 1971. 384 Mich 805.

Claim by Sam Aikens against the Department of Conservation for payment for fish illegally confiscated. Summary judgment for defendant. Plaintiff appeals. Reversed and remanded.

*Hyman, Gurwin, Nachman, Friedman & Weingarden,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Jerome Maslowski* and *Myron McMillan,* Assistant Attorneys General, for defendant.

Before: McGregor, P. J., and Bronson and Mahinske,* JJ.

Bronson, J. The plaintiffs are commercial perch fishermen, who engaged in this business in the Saginaw Bay area. During the summer of 1965, officers of the State Conservation Department seized

---

* Circuit judge, sitting on the Court of Appeals by assignment.

catches of perch taken by the fishermen.  The basis for the seizure by the Conservation Department was that the plaintiffs had allegedly caught fish which were undersized, and therefore illegal, under the conservation laws of the State of Michigan.  MCLA § 308.14(d) (Stat Ann 1967 Rev § 13.1505[d]).

This litigation concerns plaintiffs' suit brought in the court of claims seeking $6,000 in compensation for the fish which plaintiffs allege had been illegally confiscated by representatives of the State of Michigan.  The defendant moved for a summary judgment, alleging that the plaintiffs had failed to state a claim upon which relief could be granted.  The plaintiffs likewise moved for a summary judgment on the basis that, except for damages, no material dispute of fact existed, and that the defendant had failed to state a valid defense to the claim presented.  GCR 1963, 117.  Plaintiffs' affidavit in support of their motion for summary judgment stated that some of the confiscated fish were subsequently distributed to various state institutions, and that the remaining fish were stored and have subsequently deteriorated.  The Court of Claims ruled in favor of the State of Michigan on its motion for summary judgment, and plaintiffs bring this appeal as a matter of right.

In order for the plaintiffs to maintain a cause of action upon which relief could be granted, it is necessary to establish that they either had legal title to, or a right to possession of, the fish.  It has long been recognized that animals *ferae naturae* are not objects of private ownership, but rather belong to the state, which in effect holds the fish in a trust for all of the people of the state in their collective capacity.  See *Geer* v. *Connecticut* (1930), 161 US 519 (16 S Ct 600, 40 L Ed 793); *Fleming* v. *United States* (Ct Cl, 1965), 352 F2d 533; *People* v. *Zimberg* (1948), 321

Mich 655; *People* v. *Collison* (1891), 85 Mich 105. The state, representing the people, has the authority to regulate or even prohibit the taking of animals *ferae naturae* if such action is deemed necessary for the public good. See *People* v. *Dornbos* (1901), 127 Mich 136; *People* v. *Lassen* (1906), 142 Mich 597.

In *People* v. *Zimberg, supra,* p 658, the Court stated:

"It is universally held in this country that wild game and fish belong to the State and are subject to its power to regulate and control; that an individual may acquire only such limited or qualified property interest therein as the State chooses to permit. In *People* v. *Soule* (1927), 238 Mich 130, we said:

" 'This conservation legislation is clearly an exercise of the police power inherent in the State. The wild game and fish (*ferae naturae*) within its confines belong to the State. No private ownership or private property rights are involved in this inquiry. *McKenney* v. *Farnsworth* (1922), 121 Me 450 (118 A 237).' "

Since the fish belong to this state, it becomes clear that the commercial fishermen may acquire only such right to possession or ownership of the fish as the state may allow. Thus, for the plaintiffs to be in lawful possession of the fish it is imperative that they comply with the regulations which the state has promulgated under the authority of its police power.

MCLA § 308.1 (Stat Ann 1967 Rev § 13.1491) provided:

"All fish of whatever kind found in the waters of lakes Superior, Michigan, Huron and Erie, commonly known as the great lakes, and the bays thereof and the connecting waters between said lakes within the jurisdiction of this state, shall be, and are hereby declared to be, the property of the state

of Michigan, and shall be taken, transported, sold and possessed only in accordance with the provisions of this act."

The act then provides, in pertinent part:

"It shall be unlawful to market, have in possession, transport or offer for sale at any time in this state, whether caught within or without this state, any:

\* \* \*

"(d) Perch, of a less length than 8 1/2 inches in the round and filleted perch of a less weight than 1 3/4 ounces; perch with heads and tails off of a less length than 5 1/2 inches;

\* \* \*

"The measurement of the length of a fish within the meaning of this act shall be taken in a straight line from the tip of the snout to the utmost end of the tail fin. For the purpose of this act a 'fish in the round' shall be deemed to be a fish that is entirely intact as it was taken out of the water with no part removed by dressing. \* \* \* [A] 'filleted fish' shall be deemed to be a fish with the entire head, gut or viscera, gills, bones, scales and all fins removed. The measurements of length and weight as prescribed in this act shall apply without any allowance made for the shrinkage of the fish." MCLA § 308.14 (Stat Ann 1967 Rev § 13.1505).

The Conservation Department confiscated the fish because the perch, when seized, were "in the round" and failed to meet the length requirement of 8-1/2 inches. The defendant would not allow the plaintiffs to fillet the fish to see if the perch would satisfy the weight requirement.

The plaintiffs argue that the word "and" in subsection (d) must be read in the conjunctive and therefore the defendant could not legally seize the fish unless they were less than 8-1/2 inches in the

round *and* weighed less than 1–3/4 ounces when fil-leted.   Although the fish were never filleted and weighed, the commercial fishermen alleged in their affidavit in support of their motion for a summary judgment that the perch seized would have weighed more than 1–3/4 ounces when filleted.   The plaintiffs further point out that the perch in Saginaw Bay did not develop to the length of 8–1/2 inches in the round, due to the density of the fish population, and because of that very fact the Conservation De-partment, subsequent to this suit, suspended the operation of the length requirement in the Great Lakes.[1]   In other words, the regulation promulgated by the Conservation Commission suspended the op-eration of the statutory size limit which had been the basis of the seizure by the Conservation Department in the instant case.

The Court of Claims construed the word "and" in the disjunctive.   Since it was admitted by both parties that the fish were less than 8–1/2 inches in the round, the court held that the fish were unlaw-fully possessed by the plaintiffs and therefore grant-ed the defendant a summary judgment.

We agree with the plaintiffs' reading of the stat-ute which requires the word "and" to be construed in the conjunctive.   That is, for perch to be unlawfully possessed under MCLA § 308.14 (Stat Ann 1967 Rev § 13.1505) they must be less than 8–1/2 inches in the round *and* weigh less than 1–3/4 ounces when filleted. If the perch had satisfied the weight requirement

_____

[1] Pursuant to MCLA § 308.201 (Stat Ann 1967 Rev § 13.1568[1]), the Conservation Commission enacted regulation No 299.815 on April 14, 1966.   The regulation provides in part:

"To remove the size and weight limits and closed seasons on yellow perch taken in the Michigan waters of the Great Lakes not otherwise closed to commercial fishing, the provision of subsection (d) [MCLA § 308.14(d) (Stat Ann 1967 Rev § 13.1505[d])] * * * is sus-pended and superseded by the following regulation:

"(a) On and after June 1, 1966, the size or weight minimums for yellow perch are suspended."

they would have become the property of the fishermen when possession was obtained, and the defendant would have had no authority under the facts of this case to seize the perch. It was error for the Court of Claims to grant the defendant a summary judgment.

Plaintiffs argue that they, rather than the defendant, should have been granted a summary judgment. This position would be correct if, as plaintiffs alleged in their affidavit, the confiscated perch weighed more than 1–3/4 ounces when filleted. However, since this claim is disputed by the defendant, a material issue of fact exists which prohibits the granting of a summary judgment in favor of the plaintiffs.

Although the summary judgment rendered by the court of claims in favor of the defendant must be reversed, we cannot ignore a serious procedural defect in the proceedings below. The defect relates to the confiscation and disposition of the perch by the defendant. The seizure and enforcement powers of the defendant are expressly set forth by statute. MCLA § 300.1 *et seq.* (Stat Ann 1967 Rev § 13.1211 *et seq.*). MCLA § 300.14 (Stat Ann 1967 Rev § 13.1224) provides:

"If the property seized shall be of greater value than 300 dollars, the officer seizing the same shall file a verified complaint in the circuit court for the county having jurisdiction of the offense, setting forth the kinds of property seized, the time and place of seizure and the reasons for such seizure, with a prayer for its condemnation and confiscation. Upon the filing of said petition, there shall be issued a citation returnable on the first day of the next term, unless the court shall be then in session, requiring the owner, if any, to show cause why the property should not be confiscated, which citation shall be

served on the owner of the property as soon as possible, and at least 10 days before such petition is to be heard: Provided, The court, for cause shown, may hear such petition on shorter notice. If the owner of the property is not known or cannot be found, notice may be served by posting a copy of the citation in 5 conspicuous places in the township and publishing the same in a newspaper published in the county where such case is pending, at least 10 days before the date set for the hearing, or in such manner as the circuit court may direct. *Upon the hearing of said petition, if the court shall determine that any of the property mentioned in the petition was caught, killed, possessed, shipped or used contrary to law, either by the owner or by any person lawfully in possession of the same under an agreement with the owner, an order shall be made condemning and confiscating said property and directing its sale or other disposal by the director of conservation, the proceeds from which shall be paid into the state treasury and credited to the game protection fund:* Provided, That in case the owner or person lawfully in possession of such goods or things seized signs a property release, no court proceedings shall be necessary: Provided, That common carriers shall not be held responsible in damages or otherwise to any owner, shipper or consignee by reason of a loss or seizure as herein provided."[2]  (Emphasis added.)

We find nothing in the record to indicate compliance with this statute. Accordingly, pursuant to this Court's power under GCR 1963, 820.1(7), the case is remanded to the Court of Claims with an order to that court to grant, upon motion, a change of venue to the circuit court having jurisdiction under MCLA § 300.14 (Stat Ann 1967 Rev § 13.1224).

---

[2] Property covered by this statute would include the perch seized in the instant case. MCLA § 300.12 (Stat Ann 1967 Rev § 13.1222). Confiscation of property with a value of less than $300 is governed by MCLA § 300.13 (Stat Ann 1967 Rev § 13.1223).

The appropriate circuit court is to make a determination, not yet made, as to whether the perch met the weight requirement. If the circuit court determines that the perch satisfied the weight requirement of MCLA § 308.14(d) (Stat Ann 1967 Rev § 13.1505[d]), then it must also find that the Conservation Department wrongfully confiscated the property of the fishermen. Since it is no longer possible to return the property, the plaintiffs would be entitled to recover their damages.

Reversed and remanded.

MAHINSKE, J., concurred.

McGREGOR, P. J. (*dissenting*). The pertinent facts are set forth in the majority opinion in this cause.

My dissent from the majority opinion is based on the language of the statute, MCLA § 308.14 (Stat Ann 1967 Rev § 13.1505(d)), which provides:

"(d) Perch, of a less length than 8 1/2 inches in the round *and* filleted perch of a less weight than 1 3/4 ounces; perch with heads and tails off of a less length than 5 1/2 inches;" (Emphasis added.)

It is my considered judgment that the legislature used the word "and", and did not mean or intend "or". Therefore, I would affirm the Court of Claims in the summary judgment in favor of the State of Michigan.