STATE, *ex rel.* MacMULLAN, *v.* HARRINGTON

1. ESTOPPEL—ACQUIESCENCE—DETRIMENTAL RELIANCE.
   The state was estopped from preventing the defendant from completing a landfill bulkhead where the Department of Conservation had acquiesced in the defendant's project, before the defendant began work, and the defendant had been working on the project for several years.

2. ESTOPPEL—STATE—APPLICABILITY.
   The state is subject to estoppel principles.

3. ESTOPPEL—DEFENSES—LICENSES—STATE ACQUIESCENCE.
   Defendant's failure to apply for a permit to construct a landfill bulkhead was not a bar to raising his defense of equitable estoppel where the statute was enacted after he began constructing his project and the state had acquiesced in the defendant's plans (MCLA § 281.736).

Appeal from Allegan, Chester A. Ray, J.   Submitted Division 3 February 2, 1971, at Grand Rapids. (Docket No. 8539.)   Decided March 30, 1971.

Complaint by the State, on the relation of Dr. Ralph A. MacMullan, Director of the Department of Natural Resources, against Clare Harrington to enjoin the construction of a landfill bulkhead.   Complaint dismissed.   Plaintiff appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Jerome Mas-*

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 28 Am Jur 2d, Estoppel and Waiver § 123 *et seq.*

*lowski* and *Warren R. Snyder,* Assistants Attorney General, for plaintiff.

*Hoffman & Hoffman,* for defendant.

Before: Fitzgerald, P. J., and V. J. Brennan and T. M. Burns, JJ.

Per Curiam. This is an injunctive action brought by the State of Michigan to prevent a riparian owner on the navigable Kalamazoo River from constructing a landfill bulkhead. The trial court dismissed the complaint and plaintiff appeals.

In 1964, defendant applied to the Army Corps of Engineers, who have concurrent jurisdiction over the river with the State of Michigan, for a permit to construct a landfill bulkhead. The State Department of Conservation was notified of the application and received a copy of the specifications for the proposed bulkhead.

On August 26, 1965, defendant received a letter from the State Department of Conservation which provided in part:

"With reference to your request for a Federal permit, please be advised that this office has written to the Corps of Engineers indicating that we will offer no objection to the project at this time. This is to indicate that we will not object but that we do not necessarily approve of this project where there is a filling in of waters which are navigable to the public.

"We expect to formulate rules and regulations for the administration of this act some time within the next few months and will forward copies to you."

The Army Corps of Engineers granted defendant's bulkhead construction permit on May 4, 1966.

The expiration date of the permit was December 31, 1969.

On August 15, 1969, the Department of Natural Resources became aware of defendant's construction of the bulkhead. On September 8, 1969, the department sent defendant a letter advising defendant that he must cease further construction of the bulkhead because it would interfere with small boat navigation and because defendant had not obtained the necessary state permit.[1]

Defendant contends that since he had been informed that the state would not object and that the state did nothing until over three years after the Federal permit had been granted and after construction on the bulkhead had begun, that the state should be estopped to prevent defendant from completing the bulkhead.

The trial court held that by failing to withdraw its previous acquiescence to the proposed project, the state's complaint must be withdrawn. The basis for the trial court's opinion was equitable estoppel.

We agree with the trial court. The state's inaction after its prior acquiescence and defendant's detrimental reliance thereon should estop the state from now complaining about the partially constructed bulkhead. And it cannot be doubted that the state is subject to estoppel principles just as individuals are:

"That the state as well as individuals may be estopped by its acts, conduct, silence, and acquiescence is established by a line of well adjudicated cases. *Hough* v. *Buchanan* (CC Iowa, 1886), 27 F 238; *United States* v. *Missouri, K & T R Co.* (CC Kan, 1888), 37 F 68; *Attorney General, ex rel. People* v. *Ruggles* (1886), 59 Mich 123; *State* v. *Jackson L*

---

[1] The permit is required by MCLA § 281.736 (Stat Ann 1968 Rev § 11.456).

& S R Co. (CA 6, 1895), 69 F 116; *State* v. *Flint & Pere Marquette R. Co.* (1891), 89 Mich 481; *Trustees of Internal Improvement Fund* v. *Claughton* (Fla, 1956), 86 So 2d 775."[2]

The state contends, however, that defendant is not entitled to the defense of estoppel because he committed a statutory wrong *i.e.,* failing to get the permit required by MCLA § 281.736 (Stat Ann 1968 Rev § 11.456). However, the statute was not passed until after the state had already acquiesced to defendant's proposed project. The passage of the statute did not, therefore, put defendant on notice that he was required to get a permit from the state when he already had a letter expressing the state's acquiescence. Under these circumstances, defendant's failure to apply for a permit cannot act as a bar to his defense of equitable estoppel.

Affirmed.

---

[2] *Oliphant* v. *Frazho* (1969), 381 Mich 630, 638.