SCANNELL v MICHIGAN PUBLIC SCHOOL EMPLOYEES
RETIREMENT SYSTEM

Docket No. 66576. Submitted February 14, 1984, at Lansing.—Decided
April 30, 1984. Leave to appeal applied for.

Donald Scannell served for more than four years in the United
States Army. After being discharged, he entered public school
service in Iowa and served the public school systems for 15
years in the states of Iowa and South Dakota. In 1966, he
began teaching at Ferris State College. In 1973, he submitted
proof of his 15 years of out-of-state service to the Michigan
Public School Employees Retirement System in order to obtain
credit for the years he taught out of state. He was advised that
he could defer purchase of his out-of-system credit until he was
certain of fulfilling the ten-year eligibility requirement for
retirement under the system. In 1976, Scannell purchased ten
years credit in the retirement system for that portion of his
out-of-state service. At that time, he also indicated his intention
to purchase credit for his remaining five years of out-of-state
service as he accumulated matching service in Michigan. Mr.
Scannell died in 1981, shortly after having completed the five
years of additional service necessary to purchase credit for his
five years of out-of-state service, but before he actually pur-
chased it. Shortly thereafter, his widow, Ethel A. Scannell,
contacted the retirement system and was told she would not be
permitted to purchase credit for her husband's additional five
years of out-of-system service or his military service. Mrs.
Scannell petitioned the Michigan Public School Employees
Retirement Board, which, following a hearing, denied her the
right to purchase credit for her husband's military service or
out-of-system service on the ground that the statutes governing
the retirement system provided for the purchase of credit for
such service by a member only and did not provide for such

REFERENCES FOR POINTS IN HEADNOTES
[1] 60 Am Jur 2d, Pensions and Retirement Funds §§ 42, 45.
[2] 73 Am Jur 2d, Statutes §§ 154, 155.
[3] 28 Am Jur 2d, Estoppel and Waiver §§ 1, 41, 61.
[4] 2 Am Jur 2d, Administrative Law § 236.
   73 Am Jur 2d, Statutes § 168.

purchase by the survivor of a member. Mrs. Scannell filed a petition for review with the Ingham Circuit Court. That court, Ray C. Hotchkiss, J., acting for James T. Kallman, J., affirmed the decision of the review board. Mrs. Scannell appeals. *Held:*

1. The trial court did not err in affirming the retirement board's determination that the Michigan Public School Employees Retirement Act of 1979 does not permit the widow of a public school employee who was a member of the retirement system to purchase out-of-system and military service credit where the member was eligible to purchase the credit, but never did so. The purchase of such credit must be made by a member of the retirement system. The statutes make no provision for such purchases by a beneficiary.

2. Mrs. Scannell's contention that the retirement system and the retirement board should be estopped from denying her request because an agent of the system stated at an informational meeting attended by her husband that an employee's widow could buy out-of-system military service credit if the employee himself fails to purchase the credit before his death is rejected. The element of justifiable reliance is lacking in this case and, furthermore, a person may not rely indefinitely upon the statement of an agency representative regarding the interpretation of a statute.

Affirmed.

1. SCHOOLS — PUBLIC SCHOOL EMPLOYEES — RETIREMENT — OUT-OF-SYSTEM CREDIT — MILITARY CREDIT — SURVIVING SPOUSE.

The Michigan Public School Employees Retirement Act of 1979 does not permit the widow of a public school employee to purchase out-of-system and military service credit which her husband never purchased, although he was eligible to do so (MCL 38.1301 *et seq.;* MSA 15.893[111] *et seq.).*

2. STATUTES — JUDICIAL CONSTRUCTION — SPIRIT AND PURPOSE OF STATUTE.

The spirit and purpose of a statute must prevail over its strict letter.

3. ESTOPPEL — DEFINITIONS.

Estoppel arises where a party by representations, admissions or silence intentionally or negligently induces another party to believe facts and the other party justifiably relies and acts on this belief and will be prejudiced if the first party is permitted to deny the existence of the facts.

4. STATE — STATE AGENCIES — AGENCY INTERPRETATION OF STATUTES.
    A person may not rely indefinitely upon the statement of a state
    agency representative regarding the interpretation of a statute.

*Foster, Swift, Collins & Coey, P.C.* (by *Karen Bush Schneider)*, for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Michael A. Lockman* and *Susan A. Harris,* Assistants Attorney General, for defendants.

Before: DANHOF, C.J., and HOOD and SHEPHERD, JJ.

DANHOF, C.J. Petitioner appeals as of right the circuit court's order affirming the decision of respondent Michigan Public School Employees Retirement Board (board) that petitioner was not entitled to purchase additional credit in the respondent Michigan Public School Employees Retirement System (MPSERS). Petitioner's husband, Donald Scannell, taught school in states other than Michigan for 15 years after his honorable discharge from the Armed Forces. From 1966 until his death in 1981 he taught at Ferris State College.

In January, 1973, Mr. Scannell submitted proof of his 15 years of out-of-state service to respondent retirement system in order to obtain MPSERS credit for the years he taught out of state. He was advised by respondent retirement system that, since ten years of Michigan service was required to be eligible for retirement benefits, he could defer purchase of his out-of-system credit until he was certain of fulfilling the ten-year eligibility requirement. In 1976, Mr. Scannell purchased ten years credit in the retirement system for that portion of his out-of-state service. He indicated in a letter

accompanying his payment his intention to purchase credit for his remaining out-of-state service as he accumulated matching service in Michigan.

Mr. Scannell died on May 12, 1981, having completed, as of that date, the five years of additional service necessary to purchase credit for his remaining five years of out-of-state service. Shortly thereafter, petitioner contacted respondent retirement system and was told that she was not permitted to purchase credit for the additional five years of out-of-system service or her husband's military service. Upon petition by Mrs. Scannell, a hearing was held before respondent board. The hearings officer concluded that petitioner's claim should be denied because the statute provided for the purchase of credit for military service or out-of-state service by a member only and did not provide for such purchase by the survivor of a member. The respondent board adopted the findings of fact and conclusions of law of the hearings officer and denied the relief sought. The decision of the board was affirmed by the circuit court below.

The Michigan Public School Employees Retirement Act of 1979 (MPSERA), MCL 38.1301 *et seq.;* MSA 15.893(111) *et seq.,* governs retirement benefits for public school employees. The act requires that members have at least ten years of service to receive a retirement allowance, MCL 38.1381; MSA 15.893(191), which is based upon the member's years of credited service, MCL 38.1384; MSA 15.893(194). "Member" is defined in the act as "a public school employee". MCL 38.1305(1); MSA 15.893(115)(1). Under MCL 38.1369; MSA 15.893(179), a member may add to his "years of credited service" by tacking on "prior service credit * * * for out of system public education service" up to a maximum of 15 years out-of-sys-

tem credit. To do this, a member must pay to the retirement system an amount equivalent to what the member would have been paying into the system had the service been performed in Michigan. The out-of-system credit may not be used to satisfy the ten-year eligibility requirement. A similar provision allowing credit for military service is found in MCL 38.1373; MSA 15.893(183).

Petitioner argues that respondents' interpretation of the MPSERA is overly restrictive and frustrates the purpose and spirit of the act. She contends that the widow of a public school employee who was a member of the MPSERS should be allowed to purchase out-of-system and military service credits which the member himself never purchased, although he was eligible to do so. We are unable to so conclude.

MCL 38.1369; MSA 15.893(179) speaks in terms of purchase of out-of-system credit by a "member" only. MCL 38.1373; MSA 15.893(183) likewise refers to the purchase of military service credit by a "member" only. The statutes make no provision for such purchases by a beneficiary. We conclude that, by their clear terms, the statutes apply only to "members". Had the Legislature intended that it be possible for beneficiaries to purchase out-of-system and military service credits, it could have expressly stated that intention within the statute. The Legislature did exactly that in the Judges Retirement Act, MCL 38.801 *et seq.;* MSA 27.125(1) *et seq.* MCL 38.810(2); MSA 27.125(10)(2) allows the member's spouse or heirs to purchase whatever prior service credit might be necessary to establish eligibility for retirement benefits. The MPSERA contains no parallel provisions.

We find *Bennetts v State Employees Retirement Bd,* 95 Mich App 616; 291 NW2d 147 (1980), a case

relied upon by petitioner, to be distinguishable from the present facts. In *Bennetts,* this Court analyzed 1976 PA 227 and found it to be facially ambiguous. The Court then looked to the act's extensive legislative history and the expressed purposes sought to be met by the act and concluded that the plaintiff there was entitled to the greater monthly benefits which the defendant's interpretation of the statute sought to avoid. In the instant case, no facial ambiguity is present in the MPSERA. The act is simply silent on the question of purchase of out-of-system or military credit by other than a member. While we recognize the rule that the spirit and purpose of a statute must prevail over its strict letter, *Aikens v Dep't of Conservation,* 387 Mich 495, 499; 198 NW2d 304 (1972), petitioner has not presented any evidence that the spirit of the MPSERA is violated by a rule limiting the purchase of out-of-system and military service credit to members. Such a rule does not undermine the financial security of public school retirees and their beneficiaries since a member may purchase such credit as desired after the necessary conditions are met. We find no error in the circuit court's affirmance of the board's decision.

Petitioner argues that, even if a beneficiary may be precluded from purchasing additional credit after a member's death, respondents should be estopped from denying her request on the facts of this case. Max Cooper, a colleague of petitioner's husband, testified in a deposition that he and Mr. Scannell attended an informational meeting on the MPSERA at Ferris State College. There, an agent of respondent retirement system stated that an employee's widow could buy out-of-system or military service credit if the employee himself had

not purchased the credit before his death. Cooper and Mr. Scannell agreed after the meeting that there was no urgency in purchasing their additional credit and that the advantage was in waiting. Petitioner argues that she and her husband relied to their detriment on the statement by respondent retirement system's agent. Respondents argue that even if the misstatement did occur, no court has held a public agency to be estopped from enforcing a statute because of its provision of erroneous advice. This argument was raised but was not addressed by the respondent board or by the circuit court judge.

This Court has held that:

"Estoppel arises where a party, by representations, admissions or silence, intentionally or negligently induces another party to believe facts, and the other party justifiably relies and acts on this belief, and will be prejudiced if the first party is permitted to deny the existence of the facts." *William C Reichenbach Co v State of Michigan,* 94 Mich App 323, 330-331; 288 NW2d 622 (1979).

We find the element of justifiable reliance lacking here and decline to hold that respondents are estopped from applying the rule against purchase of additional credit by Mrs. Scannell. Even if we assume that the remaining elements of an estoppel claim are present and that a state may be estopped from enforcing a law by the act or conduct of its officers or agents, see *Oliphant v Frazho,* 381 Mich 630; 167 NW2d 280 (1969); *State ex rel MacMullan v Harrington,* 32 Mich App 209; 188 NW2d 214 (1971), we are unable to conclude that the reliance of petitioner's husband was justified. A person may not rely indefinitely upon the state-

ment of an agency representative regarding the interpretation of a statute.

Petitioner asserts that the misstatement of the rights of a widow to purchase additional credit after the member's death occurred some time in 1976 or thereafter. We note that MCL 38.319; MSA 15.893(59) and MCL 38.319a; MSA 15.893(59a), the sections dealing with credit for other service and military service, were repealed by 1976 PA 104, immediately effective May 2. If the informational meeting occurred prior to the repeal of the former statute, the alleged misstatement was likely based upon statutes which became inapplicable shortly thereafter. 1980 PA 300, immediately effective October 31, repealed the entire act governing retirement systems for public school employees, MCL 38.201 *et seq.;* MSA 15.893(1) *et seq.,* and substituted the current MPSERA. Therefore, even if the meeting occurred after May 2, 1976, the relevant statutory provisions were repealed in 1980. Statutes are by their nature fluid. They are subject to repeal and revision by the Legislature at any time. The revisions in the retirement system of public school employees illustrate the danger in assuming that statutory rights are fixed and unchanging. Whether the statement by the respondent retirement system's representative was originally correct or incorrect is irrelevant since petitioner's husband could not justifiably rely on this statement of his future rights for a period of five years. Had petitioner's husband attempted at a later date to ascertain petitioner's ability to purchase credit after his death, he presumably would have been correctly instructed that the statute made no provision for such purchase. Had he again been misinformed, we would be presented with a different issue.

Affirmed. No costs, a question of statutory construction being involved.